F. F. FISK, Appellant, v. G. ALLIE FISK, Respondent.

No. 1331. (67 Pac. 1064.)

**Divorce: Action Against Non-Resident: Right to Affirmative Relief: Decree on Cross-Complaint.**

Revised Statutes 1898, section 1208, provides that proceedings in divorce shall be the same as in other civil cases, and a decree may be made for the causes prescribed in all cases where plaintiff has been an actual resident of the county within the court's jurisdiction for one year prior to the suit. Sections 1210 and 1212 define the authority of the court as to alimony, custody of children, etc. *Held*, that where it appeared that plaintiff had resided in the State the full statutory period, and defendant, a non-resident, appeared and surrendered herself to the court's jurisdiction, the court had jurisdiction to decide the whole case

on the merits, and, if necessary, grant a decree to her on her cross-complaint, and proceed under sections 1210 and 1212 to make such order and award as to the children, property, alimony, etc., as should be equitable and just, even if defendant is a non-resident of the State.

(Decided March 4, 1902.)

Appeal from the Seventh District Court, Carbon County.— *Hon. Jacob Johnson*, Judge.

Action for divorce. From a decree in favor of the defendant, the plaintiff appealed.

AFFIRMED.

*J. W. N. Whitecotton, Esq.*, for appellant.

The question raised by this appeal upon the record is: Can a court in this State grant a divorce to a non-resident? So far as the appellant is advised, this question has never been before this court for consideration.

Section 1208, Revised Statutes 1898, provides as follows: "Proceedings in divorce shall be commenced and conducted in the manner provided by law for proceedings in civil cases, except as hereinafter provided, and the court may decree a dissolution of the marriage contract between the plaintiff and defendant in all cases wherein the plaintiff for one year next prior to the commencement of the proceedings shall have been an actual and bona fide resident of the county within the jurisdiction of the court, for any of the following causes: . . ."

From this language it is clear that the defendant, being, as the court finds, a resident of the State of Indiana, could not bring the counterclaim into court as an original complaint and have it heard, for the reason, that she is unable to bring herself within the jurisdiction of the court.

The next question is, can her counterclaim, which is in fact a complaint, be aided by any other fact alleged in any other pleading? The precise question here raised was before the Supreme Court of California, in the case of: Coulthurst v. Coulthurst, 58 Cal. 239; Haskell v. Haskell, 54 Cal. 262; Valk v. Valk, 18 R. I. 639.

Appellant contends that the decree allowing $25 monthly for the infant child, Russell Y. Fisk, was erroneous, for the reason that said child does not appear ever to have been brought within the State of Utah, and so within the jurisdiction of the court. 9 Am. and Eng. Enc. of Law (2 Ed.), p. 745, and cases there cited. Kline v. Kline, 57 Iowa 386; Cooley's Const. Lim. (5 Ed.), 499.

*Messrs. Rawlins, Thurman, Hurd & Wedgwood* for respondent.

We submit that the statute, by its letter, as well as by its spirit, confers full jurisdiction upon the court to determine all legal issues raised by the pleadings in an action for divorce, as well on the part of a non-resident defendant, who has appeared in the action, as on the part of a resident plaintiff, and the only additional fact required in divorce, over and above that required in other civil cases, to confer this jurisdiction, is that the plaintiff must have been a resident of the county where the action is brought for one year prior to its commencement.

The major portion of appellant's brief consists of a quotation from the case of Clouthurst v. Clouthurst, 58 Cal. 239. This case decides simply that a cross-complaint can not be aided by the allegations of the complaint, but must itself state all facts necessary to constitute a cause of action. With this holding we have no contention, but it in no way applies to this case.

Counsel for appellant says: "I am not unmindful that

some cases may be found holding that where the resident plaintiff brings the action, a non-resident defendant may obtain a decree on a cross-complaint. But I believe that no State having such a statute as ours has so held."

All of the cases on the subject we have been able to find so hold. The statutes under which they have been given differ slightly, but are all to the same effect and intent. Sterl v. Sterl, 2 Ill. App. 223; Ferry v. Ferry, 9 Wash. 239; Clutton v. Clutton (Mich.), 66 N. W. 53.

This question is fully considered in the case of Jenness v. Jenness, 24 Ind. 355, and we invite the attention of the court to the opinion in full, and to the statute upon which it was rendered. Also to the fact that defendant in this action is a resident of that State, for the reason that appellant has brought her status in question in his brief.

MINER, C. J.—F. F. Fisk filed his complaint in the district court of Carbon county against his wife, the defendant, G. Allie Fisk, asking for a decree of divorce on the ground of desertion. The defendant, a non-resident of the State, was personally served with summons, appeared in the action, and answered, admitting the marriage, and that the plaintiff was a resident of the State of Utah, but denied the alleged desertion. By way of counterclaim the defendant, in her answer, alleged the residence of the plaintiff to have been in the State of Utah for more than one year, and also alleged the marriage of the parties, and charged the plaintiff with extreme cruelty, and that, though having sufficient ability to do so, he had neglected and refused to provide her with the common necessaries of life for a considerable time prior to the commencement of the suit; that one child, by the name of Russell Y. Fisk, two years of age, was in her custody, and was the only living issue of the marriage. She prays for a decree of divorce from the plaintiff, that the care and custody of the child be awarded to her, and that she be awarded a

reasonable sum of money for the support of herself and child, and for costs. To the cross-complaint filed by the defendant plaintiff filed an answer, denying the allegations of the same, and asked that he be awarded the custody of the child. The court, upon a full hearing, found that the parties were married in the State of Indiana in 1897, and that they were husband and wife, and the child, Russell Y. Fisk, was the only living issue of said marriage; that the plaintiff had resided in Carbon county for more than one year next prior to the commencement of the suit, and was a bona fide resident of said county; that the defendant was a resident of Indiana; and that, after being served with summons, she entered her personal appearance in said action, and submitted herself to the jurisdiction of the court. The allegations of the plaintiff in his complaint were found untrue, and the allegations of the defendant in her cross-complaint were found true, and that the plaintiff had willfully deserted and abandoned the defendant for a period of more than one year next prior to the commencement of the said action, and had failed and neglected to provide her with reasonable and necessary support. The defendant was awarded the custody of the child and $25 per month for its support; also $300 attorney's fees and costs. From this decree the plaintiff appeals, and claims that the court had no jurisdiction to grant the decree, or to hear and determine the allegations contained in defendant's cross-complaint, for the reason that it does not appear that the defendant was a resident of the State, and that the child was not within the jurisdiction of the court.

Section 1208, Revised Statutes 1898, so far as material here, reads as follows: "Proceedings in divorce shall be commenced and conducted in the manner provided by law for proceedings in civil cases, except as hereinafter provided, and the court may decree a dissolution of the marriage contract between the plaintiff and defendant in all cases wherein the

24 Utah—22

plaintiff, for one year next prior to the commencement of the proceedings shall have been an actual and bona fide resident of the county within the jurisdiction of the court, for any of the following causes, to wit," etc. Section 1210 provides: "The court may order either party to pay to the clerk a sum of money for the separate support and maintenance of the adverse party and the children, and to enable such party to prosecute or defend the action." Section 1212, so far as material, reads as follows: "When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties and children as shall be equitable." It will be observed that under section 1208 the marriage contract may be dissolved between the plaintiff and defendant in all cases where the plaintiff has been an actual bona fide resident of the county for one year, and the proceedings for divorce are to be commenced and conducted in the manner provided by law in civil cases. By the terms of the act the decree is not limited alone to the plaintiff, who is a resident of the county, but the power is conferred upon the court to grant decrees to either party in cases where the residence of the plaintiff is shown and the statutory grounds exist. The defendant, having been served, and having appeared in the action, and submitted herself and her rights to the jurisdiction of the court, was equally interested in the subject of the litigation. The plaintiff first invoked the jurisdiction of the court, and, the defendant having appeared in obedience to the summons, she ought to be entitled to a final hearing of the case, and to such relief as equity should award. Defendant was brought into court against her will to answer the charge made against her, and set up a counter-charge, and submitted herself and her rights to the jurisdiction of the court selected by the plaintiff. The plaintiff, while claiming rights against the defendant, denies the right of the court to do justice to the defendant in that respect, and asks this court to withhold that justice found due

an adversary in a proceeding instituted by himself. He is demanding justice for himself, but seeks to deny justice to his adversary. This is not only unconscionable, but indefensible, in a court of equity. When the court has jurisdiction of the subject-matter and the parties, the judgment awarded must be held conclusive and binding upon the parties and their privies. In Jenness v. Jenness, 24 Ind. 359, 87 Am. Dec. 335, the court said: "To give the statute any other construction would be to say that in two cases precisely alike in their facts, the defendant in one being a resident and in the other a non-resident, the former might result in a decree for divorce on cross-petition, with such alimony as ought to be given where the plaintiff is in fault; while in the latter that vindication of character which can often be secured only by a decree could not be had by the defendant, nor could the alimony be adjusted upon the basis of the fact that the defendant was the party aggrieved. Such a discrimination against non-resident defendants finds no place within the letter of the statute, still less in its spirit; and a construction which would allow it would invite, in the class of cases in which they could be most successfully perpetrated, the very worst abuses. While our statute is intended to prevent non-residents from making use of our courts to perpetrate frauds upon their unsuspecting wives or husbands by coming here to petition for divorces, it at the same time arms them with every weapon of defense which is afforded to our own people when brought into court at the suit of those whose bona fide residence here gives us jurisdiction." In Sterl v. Sterl, 2 Ill. App. 223, it was said: "It is insisted by the appellee that under the provisions of the above section of the statute the appellant had no right to file her cross-bill praying, amongst other things, for a divorce, for the reason that she was not a resident of this State; and, that fact appearing on the face of her cross-bill, he could avail himself of such fact of non-residence by way of demurrer. . . . It is a familiar principle of law that a court of

equity, having acquired jurisdiction of the parties and the subject-matter of the suit, will retain and exercise such jurisdiction until the equities of all the parties are meted out to them. In this case the jurisdiction of the court is invoked by the appellee, he having, as he had a legal right to do, filed his bill against appellant, praying relief, and summoning the appellant into court. When she is thus brought in, and, having responded to the claims of the appellee by answering his bill of complaint, being, as it were, then forced into the court, submits herself to its jurisdiction, and asks the court to grant to her certain equitable rights, to which she claims she is entitled, then it is that the appellee challenges the jurisdiction of the court to grant to her any equitable rights, but continues to clamor for his. This position is unconscionable and indefensible upon the principles of equity. But we are told, and it is urged by the appellee, that by reason of the arbitrary provisions of the statute there is no escape from this dilemma, and that, as a consequence, the appellant is in the court for the purpose of receiving its mandate and yielding obedience to its orders, but without any equitable rights which the appellee is bound to respect, for the reason, as he claims, that she resided in New York, and not in Illinois, and notwithstanding she is dragged into the court at the suit of the appellee, and, as may be presumed, against her will. We think that by the plainest principles of equity the appellee is, under such circumstances, precluded from questioning the jurisdiction of a court which he has himself invoked, and that, the court having acquired jurisdiction of the subject-matter and the parties to the suit at the instance, and by the prayer of the appellee, he can not be heard to question the jurisdiction of the court to hear, consider, and determine all the equities of the parties, to the end that complete justice may be done to all in the same case." The same doctrine is laid down in Clutton v. Clutton, 108 Mich. 267, 66 N. W. 53, 31 L. R. A. 160; Watkins v. Watkins, 135 Mass. 83; 17 Cent.

Dig., p. 518, sec. 213; Barret v. Barret, 11 Ky. Law Rep. 287; Ferry v. Ferry, 9 Wash. 239, 37 Pac. 431; Wadsworth v. Wadsworth, 81 Cal. 182, 22 Pac. 648, 15 Am. St. Rep. 38; Jones v. Jones (N. Y.), 15 N. E. 707, 2 Am. St. Rep. 447. Under our statute, when it appears that the plaintiff in a divorce proceeding has resided in the State the full statutory period, and the defendant has been served with summons, and appears in the case, and surrenders herself to the jurisdiction of the court, such court has jurisdiction over the parties, and the right to pass upon and dispose of the issues raised between them upon the merits in accordance with the rules of equity, even if, in order to do so, it be necessary to grant a decree of divorce to the defendant upon the facts stated in the cross-complaint; and, having jurisdiction of the case and parties, it may proceed, under sections 1210 and 1212, to make such order in relation to the children, property, and parties, and the maintenance of the adverse party and children, and award alimony and costs, as shall be equitable and just.

We find no reversible error in the record. The decree and order of the district court is affirmed, with costs.

BASKIN and BARTCH, JJ., concur.