CHARLES C. PINE v. NETTIE S. PINE.

FILED OCTOBER 5, 1904. No. 13,676.

Divorce: JURISDICTION. When the plaintiff in a divorce suit has resided in this state the full statutory period and the defendant has appeared in the cause, the court has jurisdiction over the parties, and the right to dispose of all the issues between them upon their merits and according to equity, even if, in order to do so, it is necessary to grant a divorce to a nonresident defendant upon a cross-petition.

ERROR to the district court for Dodge county. CONRAD HOLLENBECK, JUDGE. *Reversed with directions.*

*George L. Loomis,* for plaintiff in error.

*F. W. Vaughan, contra.*

AMES, C.

This is an action for a divorce begun by the wife in the district court for Dodge county. It is not disputed that she had been a *bona fide* resident of the state for the period required by statute, or that the court had jurisdiction of her petition. Due service by publication was had upon the husband, who was a nonresident of the state. He entered a personal appearance and filed an answer and cross-petition denying the material allegations of the petition, except the marriage, and praying a divorce in his own behalf because of offenses alleged to have been committed by the plaintiff. The court found the petition of the plaintiff to be false, and dismissed her action, and found the accusations of the defendant to be true, but dismissed this cross-petition also upon the sole ground that, because of his nonresidence, the court was without jurisdiction of it. The defendant prosecutes error.

The contention of the defendant in error is that the husband, in this instance, is within the literal prohibition of section 8, chapter 25 of the Compiled Statutes, 1903 (Annotated Statutes, 5330), which reads: "No divorce shall be granted unless the complainant shall have resided in this state for six months immediately preceding the time of filing the complaint, or unless the marriage was solemnized in this state, and the applicant shall have resided therein from the time of the marriage to the time of filing the complaint." The question thus raised has never been explicitly decided in this state, but it has been held that a divorce may be granted to a defendant upon cross-petition, and such seems to have been hitherto the general understanding of the courts and practitioners in this state. *Berdolt v. Berdolt*, 56 Neb. 792. And in *Atkins v. Atkins*, 13 Neb. 271, a decree of divorce in favor of a nonresident cross-petitioner was affirmed, although the precise point now suggested does not appear to have been presented by counsel and is not mentioned in the opinion.

Section 11 of chapter 25, Compiled Statutes, 1903 (An

notated Statutes, 5334), enacts that "suits to annul or affirm a marriage, or for a divorce, shall be conducted in the same manner as other suits in courts of equity"; and in Michigan, whence the chapter seems to have been derived, it was held in *Clutton v. Clutton*, 108 Mich. 267, 31 L. R. A. 160, that a nonresident cross-petitioner may, in a proper case, be granted the relief prayed. There is in force a similar statute in Illinois, and the Michigan court quotes with approval the following language from a decision, *Sterl v. Sterl*, 2 Ill. App. 223, which we also adopt:

"It is insisted by the appellee, that under the provisions of the above section of the statute the appellant had no right to file her cross-bill, praying amongst other things, for a divorce, for the reason that she was not a resident of this state, and that fact appearing on the face of her cross-bill, he could avail himself of such fact of non-residence by way of demurrer. * * * It is a familiar principle of law that a court of equity having acquired jurisdiction of the parties and of the subject matter of the suit will retain and exercise such jurisdiction, until the equities of all the parties are meted out to them. In this case the jurisdiction of the court is invoked by the appellee, he having, as he had a legal right to do, filed his bill against appellant praying relief and summoning the appellant into the court. When she is thus brought in, and having responded to the claims of the appellee by answering his bill of complaint, being, as it were, then forced into the court, submits herself to its jurisdiction, and asks the court to grant to her certain equitable rights, to which she claims to be entitled, then it is that the appellee challenges the jurisdiction of the court to grant to her any equitable rights, but continues to clamor for his. This position is unconscionable and indefensible upon the principles of equity. But we are told, and it is urged by the appellee, that by reason of the arbitrary provisions of the statute, there is no escape from this dilemma, and that, as a consequence, the appellant is in the court for the purpose of receiving its mandate, and yielding

33

obedience to its orders, but without any equitable rights which the appellee is bound to respect, for the reason, as he claims, that she resided in New York, and not in Illinois, and notwithstanding she is dragged into the court, at the suit of the appellee, and, as may be presumed, against her will. We think that by the plainest principles of equity the appellee is, under such circumstances, precluded from questioning the jurisdiction of a court which he has himself invoked; and that the court having acquired jurisdiction of the subject matter, and the parties to the suit at the instance and by the prayer of the appellee, he cannot be heard to question the jurisdiction of the court to hear, consider and determine all the equities of the parties to the end that complete justice may be done to all in the same case."

We also adopt the opinion of the supreme court of Michigan that it follows that it is a reasonable construction of our statute that, where the plaintiff in a divorce suit has resided in this state the full statutory period, and the defendant has appeared in the cause, the court has jurisdiction over the parties, and the right to dispose of all the issues between them upon their merits and according to equity, even if in order to do so it is necessary to grant a divorce to a nonresident defendant upon a cross-petition.

It is therefore recommended that the judgment of the district court be reversed and the cause remanded, with instructions to enter a decree upon the cross-petition as therein prayed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded, with instructions to enter a decree upon the cross-petition as therein prayed.

JUDGMENT ACCORDINGLY.