## FRANK GAMBLIN v. GERTIE GAMBLIN.

### Decided December 3, 1908.

**1.—Divorce—Pleading—Bona Fide Inhabitant.**

Allegations in a petition for divorce held to constitute an averment, in substance, that plaintiff was an actual bona fide inhabitant of the State, though not in the words of the statute. Haymond v. Haymond, 74 Texas, 414, distinguished.

**2.—Divorce—Cruelty—Pleading.**

The allegation in a petition for divorce that the acts of cruelty charged were "unendurable" was equivalent to the statutory word "insupportable."

Appeal from the District Court of Wood County. Tried below before Hon. R. W. Simpson.

*W. N. Jones* and *M. D. Carlock,* for appellant.—Because plaintiff nowhere states in her original petition that she was a bona fide inhabitant of the State of Texas, the court did not have jurisdiction to hear the matter in controversy, the same being a suit for divorce. Rev. Stats., art. 2978; Speer on Married Women, 403; Haymond v. Haymond, 74 Texas, 414.

Plaintiff's petition nowhere alleges that the cruel treatment complained of was of such a nature as to render their living together insupportable. Rev. Stats., art. 2977.

*Andrew J. Britton* and *V. B. Harris,* for appellee.

HODGES, ASSOCIATE JUSTICE.—This is an action by Mrs. Gertie Gamblin against her husband for a divorce, custody of child, and the partition of community property. From a judgment granting the divorce and other relief prayed for, this appeal is prosecuted.

The grounds for divorce made the basis of this suit consist mainly of charges of cruel treatment occurring at different times and in various places. The appellant, defendant in the court below, answered by a general demurrer, special exceptions, and general and special denial. The exceptions he interposed in the court below do not seem to have been called to the attention of the court, as there is no judgment in the record showing any action on them; and they will therefore be here considered as having been waived.

The first group of errors assigned are based upon the failure of the plaintiff to allege and prove that she was an actual bona fide inhabitant of the State. The language of her petition, concerning her residence and inhabitancy, is as follows: "Plaintiff is a resident of Wood County, Texas, and has been a resident of Wood County, Texas, for more than six months, and a resident of the State of Texas for more than twelve months next preceding the filing of this petition; that plaintiff and defendant were legally married in Wood County, Texas, on the 11th day of March, 1900, and lived together as man and wife until about the 1st day of December, 1906." The petition further avers that the parties own 119 acres of land in Wood County, which is their homestead and is the only property which they do own except some personal property which had before that time been appropriated and disposed of by the appellant. Art. 2978 of the Revised Civil Statutes provides, "that no suit for divorce from the bonds of matrimony shall be maintained in the courts unless the petitioner for such divorce shall at the time of exhibiting his or her petition be an actual bona fide inhabitant of the State, and shall have resided in the county where the suit is filed six months next preceding the filing of the suit." There can be no question about this provision being mandatory and that the actual bona fide habitation of the plaintiff must be both alleged and proven before the court will be authorized to grant a divorce. A failure to allege and prove this fact can not be waived by the parties, but constitutes a substantial omission of which the court is bound to take notice. Bruner v. Bruner, 43 S. W., 796; Rumping v. Rumping, 91 Pac., 1057. However, it does not follow that the allegations of the petitioner must be in the very language of the statute. If the petition, considered as an entirety,

substantially alleges facts sufficient to constitute prima facie evidence of an actual bona fide habitation in this State, we think the requirements of the statute would be complied with. The provision of the statute did not undertake to prescribe a form of pleading such matter, but merely to exact the presence of certain conditions without which no court should decree a divorce. The law will be satisfied by a substantial compliance. Needles v. Needles, 54 S. W., 1070; Owens v. Owens, 40 Texas Civ. App., 641. In the petition here under consideration the plaintiff alleged the marriage between herself and husband as having occurred in Texas during the year 1900; and all the transactions upon which the suit is based appear to have taken place within this State. Most of them are specifically described as having so occurred. They owned a homestead in Texas; and it is stated that this was then their only home, and that she was then a resident of Wood County and had so resided for more than six months next preceding the filing of this suit. We think that when all of plaintiff's allegations concerning her residence in this State, her marriage, movements and homestead acquirement are considered, they are sufficient to form the basis of a finding that she was at the time of the filing of her suit an actual bona fide inhabitant of the State. In her testimony she states that she had lived in Texas all her life. This, we think, is ample to support the court's finding upon that issue. The case of Haymond v. Haymond, 74 Texas, 414, referred to by the appellant, is not inconsistent with our ruling upon this feature of this case. There the petition alleged that the plaintiff was a "bona fide citizen" of Bell County and of the State of Texas, and had been for more than six months before the filing of the petition. So far as is disclosed by the report of the pleadings in the case, those were the only allegations offered concerning the residence or inhabitancy of the plaintiff. The court held in that case that those averments might be true and still the statutory requirements not have been met. One may be a citizen and not an inhabitant or an actual resident within the meaning of the law governing divorce suits.

It is also assigned as error that the petition omitted the word "insupportable" from the description of the cruelties recounted and relied upon as grounds for the divorce. Here, again, is an instance in which it is not required that the statutory language be used in describing the character of the ill-treatment complained of. The petition in this case does use the words "unendurable" in that connection. This, we think, is equivalent in its meaning to the word "insupportable;" and if it be required that some such word expressive of intolerable conduct and treatment be alleged, then we think this requirement has been fully met in the use of the word "unendurable." It has practically the same meaning as "insupportable."

The sufficiency of the evidence to sustain the judgment is also questioned in various other assignments of error. An inspection of the record shows that it was amply sufficient to justify the inferences drawn from it by the trial court.

The remaining assignments of error are overruled, and the judgment is affirmed.

*Affirmed.*