## CHARLTON v. CHARLTON.

(Court of Civil Appeals of Texas. Galveston. Nov. 18, 1911.)

DIVORCE (§ 101*)—JURISDICTION—RESIDENCE OF PARTIES—STATUTES.

A defendant in a suit for divorce, who defends the suit and who files a cross-bill, need not allege in the cross-bill that he has been a resident of the county in which the suit is pending for six months immediately preceding, notwithstanding Rev. St. 1895, art. 2978, providing that no suit for divorce shall be maintained unless "the petitioner for such divorce" shall have resided in the county six months next preceding the filing of the suit, which is applicable only to plaintiff instituting the suit.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 322–327; Dec. Dig. § 101.*]

Appeal from District Court, Nacogdoches County; James I. Perkins, Judge.

Action for divorce by C. O. Charlton against A. L. Charlton, who filed a cross-bill for divorce. From a judgment granting a divorce to defendant on his cross-bill, plaintiff appeals. Affirmed.

A. T. Russell, for appellant.

REESE, J. C. O. Charlton instituted this suit for divorce against her husband, A. L. Charlton, in the district court of Nacogdoches county. Plaintiff alleged that she was a bona fide inhabitant of the state of Texas, and that she was at the time of the institution of the suit, and had been for more than six months preceding, a resident of Nacogdoches county. The record contains only a meager statement as to the contents of the pleadings, from which it does not appear what the allegations of the petition were as

---

to the defendant's residence. Defendant answered by general demurrer and general denial, and by cross-bill pleaded a cause of action against plaintiff for divorce on the ground of adultery. The cross-bill does not allege that defendant had for six months next preceding the filing of the same been a bona fide resident citizen of Nacogdoches county. It was filed on the day of the trial. By supplemental petition plaintiff demurred generally to the cross-bill and pleaded the general issue. Upon hearing judgment was rendered denying divorce to plaintiff on her petition, but granting the divorce to defendant on his cross-action. Plaintiff moved for a new trial, on the ground that the court erred in overruling the general demurrer to the defendant's cross-bill, for the reason that the cross-bill failed to allege that defendant had been, for six months preceding the filing of the same, a resident of Nacogdoches county. The motion was overruled, to which plaintiff excepted, and brings the case to this court on appeal.

The single question presented by the record, which is in the nature of an agreed case, can be thus stated: Is it necessary in this state, when a defendant is sued for divorce, and, defending the suit, files a cross-bill for divorce against the plaintiff, that said cross-bill should contain an allegation that the defendant, at the time of the filing of the cross-bill, had been a resident of the county in which the suit is pending for six months, immediately preceding? To state the question more broadly, do the requirements of the statute (R. S. art. 2978) apply to a defendant seeking a divorce by cross-action in the original suit? The article of the statute is as follows: "No suit for divorce from the bonds of matrimony shall be maintained in the courts unless the petitioner for such divorce shall, at the time of exhibiting his or her petition, be an actual bona fide inhabitant of the state, and shall have resided in the county where the suit is filed six months next preceding the filing of the suit." It has been held that a plaintiff, suing for a divorce, must allege and prove inhabitance in the state and six months' residence in the county. Haymond v. Haymond, 74 Tex. 414, 12 S. W. 90.

The question presented by this appeal has not been decided, so far as we can find, by any of the appellate courts of this state. Looking to the terms of the statute, and construing the language used in the light of the reason and general purpose of its enactment, we would be prepared to hold, in the absence of authority, that the requirements of the statute as to residence were only intended to apply to the plaintiff—in the language of the statute, "the petitioner for divorce," the person who puts the machinery of the courts in motion in a divorce proceeding. The purpose of the statute was to protect, not only the defendant in divorce proceedings, but also the interests of society, against fly-by-night divorce suits instituted by birds of passage, who, with no stability of residence, might use the courts to procure divorces upon false grounds, and sometimes by collusion with the opposite party. The interests of society in the preservation of the marriage relation forbid that the parties to such litigation be allowed to conduct it as they think best, but certain safeguards have been thrown around such procedure for the prevention of collusive divorces. We do not think that it was thought necessary, in order to effectuate this purpose, to make the same requirements, as to residence, of a defendant in a divorce proceeding, unwillingly brought into court, as is made of a plaintiff instituting the suit. The general rule, deduced from the authorities on this question, is thus stated in 14 Cyc. p. 589: "A statute making residence of plaintiff a prerequisite to the exercise of divorce jurisdiction does not preclude a nonresident defendant from filing a cross-bill and obtaining a decree of divorce against plaintiff. Nor will a nonresident defendant be deprived of his right to relief on a cross-bill by a dismissal or discontinuance of the original petition." The statement in the text is supported by the following authorities: Sterl v. Sterl, 2 Ill. App. (2 Bradw.) 223–226; Jenness v. Jenness, 24 Ind. 355, 87 Am. Dec. 335; Clutton v. Clutton, 108 Mich. 267, 66 N. W. 52, 31 L. R. A. 160; Fisk v. Fisk, 24 Utah, 333, 67 Pac. 1064; Abele v. Abele, 62 N. J. Eq. 644, 50 Atl. 686; Pine v. Pine, 72 Neb. 463, 100 N. W. 938; Duke v. Duke, 70 N. J. Eq. 149, 62 Atl. 472; Barrett v. Barrett, 11 Ky. Law Rep. 287. See, also, note to Succession of Benton, 59 L. R. A. 149, 150; 9 Am. & Eng. Ency. of Law, 738. The contrary doctrine is supported by Coulthurst v. Coulthurst, 58 Cal. 239, and Valk v. Valk, 18 R. I. 639, 29 Atl. 499.

There may be other cases in which the same doctrine is announced, which we have not been able to find. The decided weight of authority is in favor of the rule herein quoted. We are of the opinion that the ruling of the trial court was correct, and the judgment is affirmed.

Affirmed.