## MABEL AUCUTT V. JOHN AUCUTT ET AL.

No. 6182.  Decided June 24, 1933.

(62 S. W., 2d Series, 77.)

*Vickers & Campbell,* of Lubbock, for appellant.

The trial court had no jurisdiction to grant a divorce to defendant on his cross-action in Cause No. 3017, he residing in Nolan County, Texas, (and not Lubbock County) at the time of the judgment, as well as at the time he filed his cross-action. Mansur v. Mansur (Civ. App.), 21 S. W. (2d) 38; Commercial Credit Co. v. Wilson (Civ. App.), 219 S. W., 298; Harris v. Schlinke, 95 Texas, 88, 65 S. W., 172; Security State Bank v. Meritt (Civ. App.), 237 S. W., 990; Harkness v. Harkness, 1 S. W. (2d) 399.

*Walter F. Schenck,* of Lubbock, for appellees.

A defendant in a divorce suit may file a cross-action for divorce against the plaintiff in the same case, and may proceed to recover divorce from the plaintiff without pleading and proving that the residence of the defendant is in the State of Texas, or the county where the case is pending, or without pleading and proving that he resided in said county, and this is particularly true if the evidence on the trial shows that the plaintiff resided in the State of Texas twelve months and in the county where the suit was filed for six months next before the filing of said suit. Charlton v. Charlton (Civ. App.), 141 S. W., 290, and cases cited therein.

When the court acquires jurisdiction of the parties in such matter by proper pleadings, including petition, answer or cross-bill, the jurisdiction or venue of either or both parties remain in full force, and plaintiff by nonsuit shall not thereby preju-

dice the rights of an adverse party to be heard on cross-action. Article 2182, R. S., 1925; Bailey v. Federal Supply Co. (Com. App.), 287 S. W., 1090.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This case is before the Supreme Court on certified question from the Court of Civil Appeals for the Seventh District at Amarillo. The certificate states the issue of the case and the question certified. It is as follows:

"In this case the plaintiff Mabel Aucutt instituted this suit in the District Court of Lubbock County, Texas, against the defendant John W. Aucutt and W. F. Schenk, to cancel or modify a judgment rendered against her in the same court on June 16, 1930, cause No. 3017, Mabel Aucutt v. John W. Aucutt.

"On July 18, 1927, Mabel Aucutt filed suit No. 3017 against John W. Aucutt to obtain a divorce and to have confirmed a contract for the settlement of their property rights which had been entered into by them before said suit was filed.

"The plaintiff alleged that she was and had been for a period of twelve months an actual bona fide inhabitant of the State of Texas and had resided in Lubbock County for six months next preceding the filing of her suit and that John W. Aucutt resided in Lubbock County, Texas. Her pleadings were sufficient to authorize the granting of a divorce, if sustained by proof.

"On September 18, 1928, in cause No. 3017, John W. Aucutt answered the allegations relied on by his wife Mabel Aucutt for a divorce, and filed a cross action in which he sought judgment for a divorce against the plaintiff, attacked the validity of the contract settling their property rights, asked that it be cancelled, a divorce granted to him and the community property partitioned between him and his wife. In his cross action John W. Acutt did not allege that he had been for a period of twelve months an actual bona fide inhabitant of the State of Texas and had resided in Lubbock County for six months next preceding the filing of his cross action. Otherwise his allegations were sufficient for granting the relief sought.

"On October 6, 1928, the plaintiff filed a second amended original petition in which she repeated substantially the allegations in her original petition and alleged that when her suit was filed John W. Aucutt resided in Lubbock County, Texas, but since the filing thereof and the securing of service, he had moved to Nolan County, Texas.

"The case was continued from time to time by agreement until November 7, 1928, on which date the case was called, both sides announced ready for trial, a jury was selected, but before the trial was completed the parties reported to the Court that a settlement was pending and the jury was discharged and the case continued. On March 20, 1930, the plaintiff Mabel Aucutt dismissed her suit and the defendant John W. Aucutt dismissed his cross action. On April 4, 1930, the cause was reinstated on the docket of said court and on the same day the case was continued on application of the plaintiff.

"On June 16, 1930, the plaintiff again sought to continue the case, which was resisted by the defendant, her application to continue overruled, and she thereupon requested that her case be nonsuited, which was granted by the Court. The defendant announced ready on his cross action, a hearing was had thereon before the Court and judgment rendered granting defendant a divorce against the plaintiff and a decree entered cancelling the agreement settling their property rights and partitioning the community property between them.

"On January 21, 1931, the instant suit was filed by plaintiff attacking the validity of the judgment rendered on the defendant's cross action in cause No. 3017, alleging that such judgment is void because the Court was without jurisdiction to hear and determine the cause, as the plaintiff had been granted a nonsuit and the defendant in his cross petition did not allege nor did he prove that he was a resident of Lubbock County, Texas, on Sept. 18, 1928, the date on which he filed his cross action.

"The Court sustained a plea in abatement to the contentions of plaintiff in the present suit and dismissed her case, from which action she prosecuted an appeal to this Court.

"The testimony discloses that on the date plaintiff filed her original petition in cause No. 3017, both plaintiff and defendant in said suit were and had been residing in Lubbock County since 1911 and that the plaintiff still resided in said county on the date she filed her second amended original petition, Oct. 6, 1928, but that the defendant at that time and on June 16, 1930, was and still is a resident citizen of Nolan County, Texas. That the plaintiff did not live in Lubbock County in 1929 or 1930. That after the judgment on June 16, 1930, in cause No. 3017, John W. Aucutt had conveyed to the defendant W. F. Schenck an interest in the property decreed to John W. Aucutt by said judgment.

"The appellant contends that the Court was without juris-

diction to hear and determine the cross action of John W. Aucutt in cause No. 3017, relying on Mansur v. Mansur (Civ. App.), 21 S. W. (2d) 38.

"The appellees' contention is that the Court had jurisdiction of the cross action under the holding of Charlton v. Charlton (Civ. App.), 141 S. W., 290.

"On account of the apparent conflict indicated, we deem it advisable to certify to Your Honorable Court for decision the following question:

"Did the District Court of Lubbock County, Texas, have jurisdiction on June 16, 1930, after plaintiff's nonsuit had been granted, to decree John W. Aucutt a divorce on his cross action?"

#### OPINION.

A correct answer to the above certified question makes it expedient for us to discuss the following constitutional and statutory laws:

Section 1 of Article 5 of our State Constitution provides:

"The judicial power of this State shall be vested, * * * in district courts * * *.

&ast; &ast; &ast; &ast;

"The Legislature may establish such other courts as it may deem necessary and prescribed the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto."

Section 8 of Article 5 of our State Constitution provides:

"The district court shall have original jurisdiction * * *, of all cases of divorce * * *.

Article 1906, R. C. S., 1925, provides:

"The district court shall have original jurisdiction in civil cases of:

&ast; &ast; &ast;

"(2)  Cases of divorce and dissolution of marriage."

Article 1995, R. C. S., 1925, provides:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:

&ast; &ast; &ast;

"16.  Divorce.—Suits for divorce shall be brought in the county in which the plaintiff shall have resided for six months next preceding the bringing of the suit."

Article 4631, R. C. S., 1925, provides:

"No suit for divorce shall be maintained in the courts of this State unless the petitioner for such divorce shall at the

time of exhibiting his or her petition, be an actual bona fide inhabitant of this State for a period of twelve months, and shall have resided in the county where the suit is filed for six months next preceding the filing of same. * * *"

It will be noted that Section 1 of Article 5 of our State Constitution establishes the district court as a constitutional court.

It will further be noted that by the provisions of Section 8 of Article 5 of our State Constitution all district courts are given original jurisdiction "of all cases of divorce." Subdivision 2 of Article 1906 supra, is but a statutory declaration of the constitutional jurisdiction of district courts in this particular.

■ A reading of the constitutional provision as contained in Section 8 of Article 5, supra, demonstrates that it is all embracing in its provisions, and operates to vest all district courts in this State with jurisdiction "of all divorce cases." Since district courts of this State are clothed by the Constitution with divorce jurisdiction it does not lie within the power of the Legislature to take such jurisdiction away from them. Reasonover v. Reasonover, 122 Texas, 512, 58 S. W. (2d) 817. Of course the Legislature has power, within proper bounds, to prescribe rules of practice and procedure for the exercise of divorce jurisdiction by our district courts.

■ An examination of Section 16 of Article 1995, supra, demonstrates that it is purely a venue statute. This is evident if for no other reason because it appears in a purely venue article.

When we come to examine Article 4631 we are convinced that it is something more than a mere venue statute in respect to the six months residence provision therein contained. As already shown the matter of mere venue in this respect is fully covered by Section 16 of Article 1995, supra. If Article 4631 is a mere venue statute in regard to the six months residence provision contained therein it is pure surplusage in that respect, because that matter is covered by the former article. It will here be noted that the six months residence in the county provision of Article 4631 is coupled with the twelve months residence in the State provision of the same article. In this regard we think Article 4631 has effect to define the qualifications of the plaintiff or petitioner in divorce cases, and is not intended to circumscribe the jurisdiction of the district courts of this State. In this respect we call attention to the fact that Article 4631 applies to all district courts alike. Its effect is to disqualify the applicant for a divorce of the right to maintain the

suit unless he has resided in the State for twelve months at the time of exhibiting his petition, and in the county in which the suit is filed for six months next preceding the filing of the same.

Under the above construction of Article 4631 we hold that it is not a jurisdictional statute at all, but merely a statute prescribing the qualifications of the plaintiff in divorce cases. The plaintiff must possess the qualifications prescribed by Article 4631 before he is entitled to prosecute a divorce suit in the courts of this State.

There is another reason why we are constrained to hold that the District Court of Lubbock County had jurisdiction to grant John W. Aucutt a divorce in the suit referred to in the certificate. Simply stated, the record shows that Mabel Aucutt, the then wife of John W. Aucutt, and appellant here, sued her then husband, John W. Aucutt, appellee here, for divorce in the District Court of Lubbock County. It appears that Mrs. Aucutt's petition was in due form as to allegations of residence in the state and county. The record further shows that while the suit was pending in the above court and Mrs. Aucutt's petition not dismissed, Mr. Aucutt, the husband filed his answer and cross action in which he resisted the action of Mrs. Aucutt for divorce and prayed that he be granted such relief. The certificate shows that such answer contained no allegations of residence in the State twelve months or in the county where the suit was filed for six months. We are not apprised in the certificate what the evidence showed in regard to these matters. We gather generally from the certificate that the husband had not resided in Lubbock County six months, and we presume in favor of the judgment that he did reside in the state twelve months.

It appears that after the answer and cross action was filed but before the case was tried Mrs. Aucutt dismissed her suit. The case was then tried on the husband's cross action, and he was granted the divorce.

■ Under the above record the District Court of Lubbock County had jurisdiction of the parties and the subject matter of the suit, and this even after Mrs. Aucutt dismissed her divorce action. In this connection we also hold that Mr. Aucutt had the right to continue to prosecute his cross action for divorce after Mrs. Aucutt's action for the same relief had been dismissed, and this even though he had never resided in Lubbock County. Article 2182, R. C. S., 1925. Charlton v. Charlton, 141 S. W., 290, 15 Texas Jur., p. 266, page 25, and authorities there cited.

Article 2182 provides in effect that the plaintiff may take a nonsuit at any time before the jury has retired, or if the case is tried before the court at any time before the decision is announced. This article, however, expressly provides, "but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief."

There can be no question about the fact that had Mrs. Aucutt not dismissed her action for divorce the District Court of Lubbock County could have proceeded to try both her divorce action and Mr. Aucutt's cross action and could have rendered judgment for or against either party as the facts justified. This being true, under the plain provisions of Article 2182, supra, Mrs. Aucutt could not, by dismissing her suit, prejudice Mr. Aucutt's rights on his cross action, which was for affirmative relief and filed before such dismissal.

For further discussion of the above matter we quote with approval the words of Judge Reese in Charlton v. Charlton, supra.

"The question presented by this appeal has not been decided, so far as we can find, by any of the appellate courts of this state. Looking to the terms of the statute, and construing the language used in the light of the reason and general purpose of its enactment, we would be prepared to hold, in the absence of authority, that the requirements of the statute as to residence were only intended to apply to the plaintiff—in the language of the statute, 'the petitioner for divorce,' the person who puts the machinery of the courts in motion in a divorce proceeding. The purpose of the statute was to protect, not only the defendant in divorce proceedings, but also the interests of society, against fly-by-night divorce suits instituted by birds of passage, who, with no stability of residence, might use the courts to procure divorces upon false grounds, and sometimes by collusion with the opposite party. The interests of society in the preservation of the marriage relation forbid that the parties to such litigation be allowed to conduct it as they think best, but certain safeguards have been thrown around such procedure for the prevention of collusive divorces. We do not think that it was thought necessary, in order to effectuate this purpose, to make the same requirements, as to residence, of a defendant in a divorce proceeding, unwillingly brought into court, as is made of a plaintiff instituting the suit. The general rule, deduced from the authorities on this question, is thus stated in 14 Cyc. p. 589: 'A statute making residence of plaintiff a prerequisite to the exercise of divorce jurisdiction does not preclude a nonresident

defendant from filing a cross-bill and obtaining a decree of divorce against plaintiff. Nor will. a nonresident defendant be deprived of his right to relief on a cross-bill by a dismissal or discontinuance of the original petition.' The statement in the text is supported by the following authorities: Sterl v. Sterl, 2 Ill. App. (2 Bradw.), 223-226; Jenness v. Jenness, 24 Ind., 355, 87 Am. Dec., 335; Clutton v. Clutton, 108 Mich., 267, 66 N. W., 52, 31 L. R. A., 160; Fisk v. Fisk, 24 Utah, 333, 67 Pac., 1064; Abele v. Abele, 62 N. J. Eq., 644, 50 Atl., 686; Pine v. Pine, 72 Neb., 463, 100 N. W., 938; Duke v. Duke, 70 N. J. Eq., 149, 62 Atl., 472; Barrett v. Barrett, 11 Ky. Law Rep., 287. See, also, note to Succession of Benton, 59 L. R. A., 149, 150; 9 Am. & Eng. Ency. of Law, 738. The contrary doctrine is supported by Coulthurst v. Coulthurst, 58 Cal., 239, and Valk v. Valk, 18 R. I., 639, 29 Atl., 499."

We recommend that the question certified be answered "Yes."

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. Cureton, Chief Justice.