### JOHN NICHOLS V. THE STATE.

No. 20603. Delivered November 22, 1939.
Rehearing Denied December 20, 1939.

The opinion states the case.

*Clifford Graves* and *J. D. Bell,* both of Paducah, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is rape; the punishment, confinement in the penitentiary for five years.

The trial was had in Cottle County on a change of venue from Baylor County.

The prosecutrix, Mrs. Maude Nichols, and appellant had been married about 21 years when domestic troubles resulted in prosecutrix securing a divorce from the appellant. They had several children, the oldest of whom was 19 years of age. According to the testimony of prosecutrix, some time after the divorce had been granted appellant came to her home and demanded that she talk to him. She told her children to go for help. Finally appellant broke into the house, and, according to the version of prosecutrix, he grabbed her, began beating her, and dragged her out to his car. He cursed her for getting a divorce, choked her and told her that he ought to kill her. After they drove away from her home he stopped the car and forced her to have sexual intercourse with him. She begged him to desist. He had threatened to kill her and she was afraid of him. She testified: "I had to yield to him. I had to do just what he told me to or he would kill me." According to the evidence, prosecutrix weighed ninety pounds and appellant one hundred ninety pounds. After the act of intercourse had been accomplished appellant drove prosecutrix down the road in his car. An officer, accompanied by the brother of prosecutrix, overtook them. Her brother testified that prosecutrix was excited and screaming; that her face was bruised; and that he carried her to a doctor at Seymour. He said: "Her face was bruised from the left eye on down here (indicating) and black

and blue, and the corner of her mouth." He testified, further, that he carried her to his home on the night of the assault. Further, he said: "She told me that night what had taken place out there, the details of what happened." Appellant was arrested and on the following day prosecutrix filed a complaint against him. Sue Nichols, a daughter of prosecutrix, testified to the effect that appellant had slapped prosecutrix when he came to her home on the night of the assault and had forcibly put her in his car. It was her further version that appellant told prosecutrix at the time that he ought to kill her.

Testifying in his own behalf, appellant admitted that he entered the house on the occasion in question and slapped prosecutrix one time. He denied that he carried her to the car and asserted that he and prosecutrix became reconciled after they entered the car and that she consented to have sexual relations with him. In short, he denied that he threatened prosecutrix, and testified that he had intercourse with her with her consent.

Under appellant's testimony he was entitled to no further instruction on his affirmative defense than that given in the charge of the court. The court instructed the jury as follows: "If you find and believe from the evidence that the defendant had carnal knowledge of Maude Nichols at the time alleged in the indictment, but you further find that such carnal knowledge was with her consent or acquiescence, or either, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict not guilty."

Bills of exception 3 and 4 relate to the contention of appellant that the judgment of divorce which was entered in the suit filed by the prosecutrix against the appellant was void. In short, the bills reflect an effort on the part of the appellant to collaterally attack that judgment. An examination of the bills of exception reveals that the judgment is not void and that it is therefore not subject to collateral attack. See Aucutt v. Aucutt, 62 S. W. (2d) 77.

We deem the evidence sufficient to support the judgment of conviction.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant has addressed to this Court two letters in which he expressed a wish to have his case again reviewed. We have done this and given attention to the matters of record which are properly before us for consideration, and remain of opinion that the case was properly disposed of originally.

The communications mentioned contain many statements and charges which are not reflected by the record, and of course cannot be considered.

The motion for rehearing is overruled.