## Franklin R. Valk *vs.* Florence A. Valk.

Under the Judiciary Act, cap. 20, § 17, of cross-bills and cross-petitions in equity
suits and divorce proceedings, a respondent in a divorce proceeding can ob-
tain the same relief upon a motion in writing as he would be entitled to on a
cross-petition, and no other.

As the court has no jurisdiction over a petition for a divorce unless the peti-
tioner is a domiciled inhabitant of this State, Pub. Stat. R. I. cap. 167, § 15, a
non-resident respondent in a divorce proceeding cannot maintain a cross-peti-
tion for a divorce, and, hence, the court is without jurisdiction to grant such
respondent affirmative relief upon a motion.

Petition for Divorce.

*June* 28, 1894. PER CURIAM. The petitioner in this case has filed in court a notice of the discontinuance thereof; but the respondent objects to the same being allowed on the ground that, having filed an answer in the nature of a cross-bill, under the provisions of cap. 20, § 17, of the Judiciary Act, she is entitled to be heard thereon. Said section is as follows :—

"SEC. 17. No cross-bill shall be necessary in any suit in equity, and no cross-petition in divorce proceedings, but the defendant in any such suit or proceeding may avail himself of any matter which would be opened to him upon a cross-bill or petition, by setting up such matter in his answer, or in divorce proceedings by motion in writing setting forth the grounds therefor; and the appellate division, upon the hearing of the case, may make any decree for or against either party, interlocutory or final, warranted by the merits of the case, that it could make in such suit or proceeding had a cross-bill or cross-petition been filed therein."

The evident purpose of this statute, in so far as it relates to proceedings in divorce cases, is to enable the respondent therein to obtain the same relief upon his answer as he would be entitled to on a cross-petition, and no other. As the respondent admits that she is not a domiciled inhabitant of this State, however, it is clear that she could not file a cross-petition for divorce. See Pub. Stat. R. I. cap. 167, § 15,[1] and, hence, that the court is without jurisdiction to grant her affirmative relief upon her answer.

In Jennison's Chancery Practice, p. 592, the law is stated as follows : "When a husband files a bill for divorce, if his wife is a non-resident, she cannot file a cross-bill thereto for the purpose of obtaining a decree *a vinculo.* Her residence in such suit becomes a jurisdictional fact." See also Story Eq. Pl. §§ 398, 399, and § 629.

---

[1] As follows :

SEC. 15. Said court shall have no cognizance of or jurisdiction over any petition for the same or either of the same, unless the petitioner shall, at the time of preferring such petition, be a domiciled inhabitant of this state and have resided therein for the period of one year next before the preferring of such petition.

The respondent's counsel relies mainly upon the case of *Sterl* v. *Sterl*, 2 Bradw. 223, in support of his contention as to jurisdiction. The statute of Illinois relating to jurisdiction in divorce proceedings, however, is quite different from ours. It provides as follows: "No person shall be entitled to a divorce in pursuance of the provisions of this act, who has not resided in the State one whole year next before filing his or her bill or petition, unless the offense or injury complained of was committed within this State, or whilst one or both of the parties resided in this State." The complainant in that case had resided in Chicago for a period of two years next before the filing of his complaint, away from his wife the appellant, who had resided in New York city during the same time, and also resided there at the time of filing her cross-bill in the cause, in which cross-bill she charged the appellee with desertion and adultery committed in the State of Illinois. It is clear, therefore, that under said statute the court had jurisdiction over the subject matter of the controversy, and also of the parties thereto. For as the offense complained of by the appellant in her cross-bill was committed in the State of Illinois, and as the original complainant resided in that State, it was perfectly competent for the appellant to proceed against her husband in that State, notwithstanding she lived in another, by an original complaint; and if she could proceed in the courts of that State by an original bill, she could certainly proceed also by a cross-bill. In other words, under the provisions of said statute, if the matrimonial offense complained of is committed within said State, the party against whom it is committed, although residing out of the State, may resort to the courts thereof for redress, if the guilty party resides there. Why the court, in the case referred to, after stating that it had jurisdiction both of the subject matter and the parties thereto, as it evidently had under said statute, should proceed, as it seemingly does, to base its jurisdiction upon another ground also, namely, that the complainant having summoned his wife into the court of that State presumably against her will, was precluded from questioning its jurisdiction to grant her affirma-

tive relief, we do not know. But as this branch of the opinion is a mere dictum, we should certainly not be warranted in basing our decision upon it.

The discontinuance is allowed.

*Charles E. Salisbury*, for petitioner.

*Stephen A. Cooke & Louis L. Angell*, for respondent.