CLUTTON *v.* CLUTTON.

1. DIVORCE — JURISDICTION — NONRESIDENT   DEFENDANT — CROSS-BILL.

Where the court has acquired jurisdiction of a suit for divorce upon a bill filed by a party who has resided within this State for the length of time required by 3 How. Stat. § 6231, the defendant, though a nonresident, may file a cross-bill in the suit, and obtain the relief to which she may be equitably entitled.

2. SAME—PLEADING—AMENDMENT—NON-COLLUSION CLAUSE.

A cross-bill in a divorce suit should not be dismissed on general demurrer because of the omission of the statutory non-collusion clause from the verification thereof, since the defect may be remedied by amendment.

Appeal from Wayne; Hosmer, J. Submitted January 7, 1896. Decided February 7, 1896.

Bill by Jonathan L. Clutton against Annie J. Clutton for a divorce. Defendant filed an answer in the nature of a cross-bill, to which complainant demurred. From a decree dismissing the cross-bill, defendant appeals. Reversed.

*Franklin L. Lord*, for complainant.

*John Ward*, for defendant.

MOORE, J. The complainant, Jonathan L. Clutton, a resident of the city of Detroit since January, 1886, brought his suit for divorce against the defendant, Annie J. Clutton, a resident of Ontario, alleging the marriage of the parties in Ontario, and charging, as causes for divorce, desertion and denial of marital privileges. The defendant, Annie J. Clutton, appeared in the suit, and filed her answer, admitting the marriage between the parties, as stated in the original bill, but denying all of the causes for divorce stated therein by complainant; and in her answer charged complainant with having deserted her in 1886, and with having failed to support her. She further charges—

"That complainant, being of sufficient ability, and worth $20,000 or more, as she is informed and believes, has grossly refused and neglected to provide a suitable, or any, maintenance for herself or their said children, and that she claims the benefit of this answer, and the facts and charges set forth therein, as a cross-bill, and prays that she may be granted a divorce from the bonds of matrimony with the complainant, and that she may be released from the obligations thereof, and that she may have such other and further relief," etc.

This answer and cross-bill were sworn to, but the verification did not contain the statutory non-collusion clause.

The complainant filed a general replication to the answer, and a general demurrer to it as a cross-bill. The court below sustained the demurrer, dismissed the cross-bill, and the defendant appeals to this court. The only questions necessary to discuss here are: *First.* Was it essential, in order to sustain the cross-bill, that the non-collusion clause should have been stated in said bill? *Second.* Can a decree of divorce be granted a nonresident of the State, who is brought in by the complainant, who is and has been a resident of the State for the statutory period required to give the court jurisdiction?

As to the first question, it was held, in the case of *Ayres* v. *Wayne Circuit Judge*, 90 Mich. 380, that the requirement that the oath or affirmation administered to the

complainant, in swearing to a bill for divorce, shall negative the existence of any collusion, understanding, or agreement whatever between the affiant and the defendant in relation to the application for divorce, is mandatory, and a defect in this regard cannot be waived by any act of the defendant. In *Tackaberry* |v. *Tackaberry*, 101 Mich. 102, a different rule is stated in relation to a cross-bill. It was there held that the objection, made for the first time on appeal, that the answer to a cross-bill in a divorce case is not sworn to, comes too late. In the case of *Daly* v. *Wayne Circuit Judge*, 102 Mich. 392, it was held that it was a proper exercise of the court's discretion to permit the amendment of the verification of a cross-bill by adding the non-collusion clause, and the filing of a replication, after decree; and it was further stated that, had the questions arisen upon the hearing, the power to do so would probably not have been questioned; that the questions were not raised then, but, when raised, were no more meritorious than they would have been upon the hearing. We think the case before us is one where it would be very proper to admit the verification of the cross-bill, if the facts would warrant it, so as to show non-collusion.

As to the other question, it is urged that the statute forbids the granting of a decree of divorce in favor of a nonresident of the State; citing 3 How. Stat. § 6231, which reads:

"No divorce shall be granted unless the party exhibiting the petition or bill of complaint therefor shall have resided in this State one year immediately preceding the time of exhibiting such petition or bill, or unless the marriage was solemnized in this State, and the complainant shall have resided in this State from the time of such marriage to the time of exhibiting the petition or bill; and when the cause for divorce occurred out of this State, no divorce shall be granted unless the complainant or defendant shall have ·resided within this State two years next preceding the filing of the petition or bill; and no proofs or testimony shall be taken in any cause until four months

after the filing of such petition or bill for divorce, except where the cause for divorce is desertion, or when the testimony is taken conditionally for the purpose of perpetuating such testimony."

Prior to the enactment of this statute, it had been repeatedly held, in this State, that a decree of divorce could be granted where one of the parties was a resident of the State. Is it not true that the complainant's filing his bill brought the marital relations existing between him and the defendant, and the parties thereto, under the jurisdiction of the court? The defendant, having appeared in said proceeding, was equally interested with the complainant in the subject-matter of the suit as a proceeding *in rem*, and, having submitted herself to the jurisdiction of the court, its jurisdiction having been first invoked by the complainant, ought she not to be entitled to a final hearing of the case, and to such relief as is equitably hers? Is it not probable that, in enacting the latter portion of the statute, contained in these words, "when the cause for divorce occurred out of this State, no divorce shall be granted unless the complainant or defendant shall have resided within this State two years next preceding the filing of the petition or bill," the legislature had just such a condition as exists in this proceeding in mind? Section 6231, as an entirety, has not been construed by this court, but portions of it have been. It has been contended that, under that portion of the statute reading, "no proofs or testimony shall be taken in any cause until four months after the filing of such petition or bill for divorce," where relief was sought by way of answer in the nature of a cross-bill in a divorce proceeding, no testimony could be taken until four months had elapsed after the filing of the cross-bill. It is possible that a literal interpretation of the statute would sustain that contention; but it was held, in the case, already cited, of *Daly* v. *Wayne Circuit Judge*, that a proper construction of this provision would allow testimony to be taken before four months had elapsed after the filing of the answer in the nature of a

cross-bill, if four months had intervened after the filing of the original bill.    It was stated "that this provision of the statute was to prevent hasty divorces, and that the object is attained in four months from the filing of the petition or bill, as well where a cross-bill is filed as where it is not."

The question now under discussion has never been determined by the Michigan court.    A similar statute was construed in the case of *Jenness* v. *Jenness*, 24 Ind. 359. The statute of that State provides that "divorces may be decreed  *  *  *  on petition filed by any person who, at the time,  *  *  *  shall have been a *bona fide* resident of the State one year previous to the filing of the same, and a *bona fide* resident of the county at the time of filing such petition."    Another section provides the method of notifying the defendant when not a resident of the State, and another section of the statute provides that, "in addition to an answer, the defendant may file a cross-petition for divorce, and, when filed, the court shall decree the divorce to the party legally entitled to the same." In that case the defendant was a nonresident of the State, and it was urged, as it is here, that the court could not grant her a divorce.    The court discussed the question at length, and granted a decree to the nonresident defendant, making use of this language:

"To give the statute any other construction would be to say that, in two cases precisely alike in their facts, the defendant in one being a resident and in the other a nonresident, the former might result in a decree for divorce on cross-petition, with such alimony as ought to be given where the plaintiff is in fault; while in the latter, that vindication of character, which can often be secured only by a decree, could not be had by the defendant, nor could the alimony be adjusted upon the basis of the fact that the defendant was the party aggrieved.    Such a discrimination against nonresident defendants finds no place within the letter of the statute, still less in its spirit; and a construction which would allow it would invite, in the class of cases in which they could be most successfully perpetrated, the very worst abuses."

It was further added:

" While our statute is intended to prevent nonresidents from making use of our courts to perpetrate frauds upon their unsuspecting wives or husbands, by coming here to petition for divorces, it at the same time arms them with every weapon of defense which is afforded to our own people, when brought into court at the suit of those whose *bona fide* residence here gives us jurisdiction."

In Illinois the statute provides as follows:

" No person shall be entitled to a divorce in pursuance of the provisions of this act who has not resided in the State one whole year next before filing his or her bill or petition, unless the offense or injury complained of was committed within this State, or whilst one or both of the parties resided in this State."

That statute was construed in the case of *Sterl* v. *Sterl*, 2 Ill. App. 223. In that case the complainant filed his bill for divorce against his wife, who was a resident of the city of New York. She filed her cross-bill in the cause, charging the appellee with desertion, and also adultery, committed in the State of Illinois. In discussing the case the court say:

" It is insisted by the appellee that, under the provisions of the above section of the statute, the appellant had no right to file her cross-bill, praying, amongst other things, for a divorce, for the reason that she was not a resident of this State, and, that fact appearing on the face of her cross-bill, he could avail himself of such fact of nonresidence by way of demurrer. * * * It is a familiar principle of law that a court of equity, having acquired jurisdiction of the parties and of the subject-matter of the suit, will retain and exercise such jurisdiction until the equities of all the parties are meted out to them. In this case the jurisdiction of the court is invoked by the appellee, he having, as he had a legal right to do, filed his bill against appellant, praying relief, and summoning the appellant into the court. When she is thus brought in, and, having responded to the claims of the appellee by answering his bill of complaint, being, as it were, then forced into the court, submits herself to its jurisdiction, and asks the court to grant to her certain equitable rights,

to which she claims to be entitled, then it is that the appellee challenges the jurisdiction of the court to grant to her any equitable rights, but continues to clamor for his. This position is unconscionable and indefensible upon the principles of equity. But we are told, and it is urged by the appellee, that, by reason of the arbitrary provisions of the statute, there is no escape from this dilemma, and that, as a consequence, the appellant is in the court for the purpose of receiving its mandate and yielding obedience to its orders, but without any equitable rights which the appellee is bound to respect, for the reason, as he claims, that she resided in New York, and not in Illinois, and notwithstanding she is dragged into the court at the suit of the appellee, and, as may be presumed, against her will. We think that, by the plainest principles of equity, the appellee is, under such circumstance, precluded from questioning the jurisdiction of a court which he has himself invoked, and that, the court having acquired jurisdiction of the subject-matter and the parties to the suit at the instance and by the prayer of the appellee, he cannot be heard to question the jurisdiction of the court to hear, consider, and determine all the equities of the parties, to the end that complete justice may be done to all in the same case."

The court held that the nonresident wife, upon her showing, was entitled to relief.

We think it follows that it would be a reasonable construction of the Michigan statute to say that, where the complainant in a divorce proceeding has resided in the State the full statutory period, and the defendant has appeared in the cause, the court has jurisdiction over the parties, and the right to dispose of the issue between them upon its merits and according to equity, even if, in order to do so, it is necessary to grant a decree of divorce to the defendant for the reasons stated in her answer, filed in the nature of a cross-bill. In the case at issue, the verification of the cross-bill should have been amended as we have indicated, and the demurrer should have been overruled. The cause is remanded for hearing in the court below, with costs to appellant.

The other Justices concurred.