### Court of Insolvency of Hamilton County.

AMERICA A. FERGUSON v. EDWARD C. FERGUSON.

Decided, April, 1910.

*Divorce and Alimony—Defendant May be Granted a Decree—Although Not a Resident of the State for One Year—Section 11997, General. Code.*

Demurrer does not lie to an answer and cross-petition by a non-resident husband praying for a divorce in an action in which the wife has sued for alimony and has obtained service of summons.

*Frank V. Benton*, for plaintiff.
*W. T. Porter*, contra.

Heard on demurrer to answer and cross-petition of defendant for divorce on the ground that defendant has not resided in this state for one year.

WARNER, J.

The petition is for alimony alone. The statute provides that when the wife sues "for alimony, the husband may file a cross-petition for divorce." Section 11997, General Code. Old section, Revised Statutes, 5702.

The service of summons is personal and the cross-petition shows that the defendant has not resided in this state one year. Is such residence necessary? I think not. While in an original suit for divorce such residence is necessary (Section 11980, General Code; old section, Revised Statutes, 5690) the reasons therefore in a case like this do not exist, and the statute first above quoted seems in terms to be in the nature of an exception to the latter section. The court has jurisdiction of the plaintiff, and her cause; has acquired by personal service jurisdiction of the defendant; and the parties being in court, and the court having jurisdiction of the entire subject-matter, it seems no more than just and equitable that these controversies between the parties should be determined herein.

The defendant has been brought into this case by the plaintiff, who should not be heard to complain when the defendant sets up a cause of action against her. Upon statutes similar to our own the decided weight of authority in other states is to the effect that a defendant, although a non-resident, may bring in a cross-petition for divorce and the same be heard and granted. *Jennings* v. *Jennings*, 24 Ind., 355; *Clutton* v. *Clutton*, 108 Mich., 267; *Barrett* v. *Barrett*, 11 Ky. L. Reports, 287; *Abele* v. *Abele*, 62 N. J. Eq., 644; *Ferry* v. *Ferry*, 9 Wash., 239. The demurrer must be overruled.