LOUIS F. CROW *vs.* JOSEPHINE M. CROW.

MAY 31, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1)  Divorce.  Jurisdiction.*

A non-resident cannot petition for a divorce *a mensa et thoro*, whether such petition be an original one, a cross-petition or a motion given the effect of a cross-petition by statute.

DIVORCE.   Heard on exception of respondent and over-ruled.

BAKER, J.   Louis F. Crow on November 7, 1917, filed in the Superior Court a petition for divorce from the bond of marriage then existing between him and the respondent Josephine M. Crow.   Due service of the citation issued thereon was made upon the respondent in the city of New York on November 9, 1917.   On December 5, 1917 she entered her appearance by counsel and on the same day filed a motion that she be granted a divorce from the bed and board of, and from future cohabitation with the petitioner. On January 4, 1918, the petitioner duly filed a discontinuance of his original petition, and on January 9, a motion to dismiss respondent's motion for a divorce from bed, board and future cohabitation on the alleged ground that the respondent when her said motion was filed, was not then or at any time thereafter a domiciled inhabitant of this State, but during all of said period was a resident and domiciled inhabitant of said city of New York.   At the hearing on January 11, on this motion of the petitioner the above-stated allegations of fact were admitted to be correct, and thereupon the Superior Court upon consideration granted petitioner's motion to dismiss on the ground of lack of jurisdiction to consider the case.   To this action the respondent excepted, and is now duly before this court pressing that exception.

The only question presented is this:   In this State can a non-resident respondent in a divorce suit maintain a motion

in the nature of a cross-petition praying for divorce from bed, board and future cohabitation?

The answer to this question is to be determined by the statutes regulating the matter. For in this country all divorce jurisdiction is statutory, and no court can grant a divorce except for parties for whom the statute makes provision. Section 8 of Chapter 247 of the General Laws after stating that the causes for which by law a divorce from the bond of matrimony may be decreed may also authorize a divorce from bed, board and future cohabitation contains this proviso, namely: "Provided, the petitioner shall be a domiciled inhabitant of this state and shall have resided in this state such length of time as to the court in its discretion shall seem to warrant the exercise of the powers in this section conferred."

In *Walker* v. *Walker* 32 R. I. 28, the court considered this proviso. In that case the petitioner signed and swore to her petition for a divorce from bed, board and future cohabitation on October 16, 1909. For about a year and a half prior thereto the petitioner, her husband and their children had lived together in Newport. The domicile and residence of the husband was in Washington, D. C. The petitioner did not leave her husband until October 19 and did not attempt to gain a residence separate and apart from him until that day. A motion to dismiss her petition was granted by the Superior Court. When the case came to this court it said on page 34, "It is clear that the Superior Court was without jurisdiction in the premises, and therefore had no alternative other than to grant the respondent's motion to dismiss the petition. We do not mean to imply or to be understood as saying that in a proper case, one of urgent necessity, a wife could not become a domiciled inhabitant of this State by residing therein, separate and apart from her husband, one day or even a fractional part thereof, for the purpose of becoming a petitioner for divorce from bed and board under the statute aforesaid. What we do say

is that the acquirement of residence or domicile must precede the preferment of the petition."

. We assume that the respondent would concede that by virtue of the foregoing interpretation of said proviso the Superior Court would have no jurisdiction to consider an original petition for divorce from bed and board filed by her.

. Her claim, as urged, is that inasmuch as she was brought into court upon the petition of her husband so that the court acquired jurisdiction of them both she is in a position to obtain affirmative relief, notwithstanding the fact that since she entered her appearance and made her motion for a limited divorce, he has discontinued his petition. She bases her claim upon Section 13 of Chapter 289 of the General Laws, which is as follows: "No cross-bill shall be necessary in any suit in equity, and no cross-petition in divorce proceedings, but the respondent in any such suit or proceeding may avail himself of any matter which would be open to him upon a cross-bill or petition, by setting up such matter in his answer, or in divorce proceedings by motion in writing setting forth the grounds therefor; and the court, upon hearing the cause, may make any decree for or against either party, interlocutory or final, warranted by the merits of the cause, that it could make in such suit or proceeding had a cross-bill or cross-petition been filed therein."

. In 1894 in *Valk* v. *Valk*, 18 R. I. 639, the court considered and interpreted that section (then Section 17 of Chapter 20 of the Judiciary Act of 1893). In that case the husband filed a petition for divorce and the wife, who was not a domiciled inhabitant of the State, "having filed an answer in the nature of a cross-bill under the provisions" of said Section 17, objected to a discontinuance of her husband's petition on the ground that she was entitled to be heard thereon. On page 640 the court said: "The evident purpose of this statute, in so far as it relates to proceedings in divorce cases, is to enable the respondent therein to obtain the same relief upon ·his answer as he would be entitled to on a cross-petition, and no other. As the respondent admits that she

is not a domiciled inhabitant of this State, however, it is clear
that she could not file a cross-petition for divorce. See
Pub. Stat. R. I. cap. 167, § 15, and, hence, that the court
is without jurisdiction to grant her affirmative relief upon
her answer."

Said Section 15 was as follows: "Sec. 15. Said court
shall have no cognizance of or jurisdiction over any petition"
(for divorce) . . . "unless the petitioner shall at the
time of preferring such petition, be a domiciled inhabitant
of this state and have resided therein for the period of one
year next before the preferring of such petition." No dis-
tinction is here made between a petition for divorce from the
bond of matrimony and one for divorce from bed and board.
The section applies to both. In other words the jurisdiction
of the court in relation to divorces remained the same as
stated by AMES, C. J., in the case of *Ditson* v. *Ditson,* 4
R. I. 87. As the Chief Justice was then also the court
reporter, he undoubtedly wrote the syllabus to this case, the
first paragraph of which is, "By the statute law of Rhode
Island, the jurisdiction of its courts in divorces, whether
*a menso et thoro* or *a vinculo*, depends solely upon the resi-
dence in the state or citizenship of the petitioner." The
effect of the decision in the *Valk* case, *supra* is that under
the law as it then was, domiciliary residence for a year in
order to give jurisdiction for affirmative relief in divorce
was as essential in a cross-petitioner as in the original
petitioner, and that one filing an answer or motion was in
the same situation as to jurisdiction and affirmative relief
as a cross-petitioner. In other words, there was no juris-
diction for the granting of the affirmative relief of divorce of
either kind until the statutory requirements as to domicile
and residence were satisfied.

In the General Laws of 1896 said Section 15 appears as
Section 10 of Chapter 195 with this alteration, namely:
everything before the word "unless" was omitted, and in
their place appears the words "No petition for divorce shall
be granted." Obviously this makes no change in the former

statutory requirements as to the domicile and residence of a petitioner for divorce. But in 1902 said Chapter 195 was amended in several important particulars. The proviso in Section 8 of Chapter 247 of the General Laws of 1909 already quoted, then first appeared, and Section 10 was amended so as to read as follows: "Sec. 10. No petition for divorce from the bond of marriage shall be granted unless the petitioner shall have been a domiciled inhabitant of this state and have resided therein for the period of two years next before the preferring of such petition: *Provided*, that if the defendant shall have been a domiciled inhabitant of this state and shall have resided in this state for the period of two years next before the preferring of such petition, and shall be actually served with process, the above requirement as to domicile and residence on the part of the petitioner shall be deemed to have been satisfied and fulfilled." This now appears unaltered as Section 10 of Chapter 247 of the General Laws of 1909.

It is plain that the legislature has by these amendments made the question of jurisdiction in the two kinds of divorces depend upon different sets of facts. As to a divorce from the bond of marriage it is no longer necessary for the petitioner to be a domiciled inhabitant and resident of this State; that is, he may be a non-resident and a domiciled inhabitant of another state. The court has jurisdiction of a petition for an absolute divorce if *either* the petitioner or the respondent be "a domiciled inhabitant of this state and" has "resided therein for a period of two years next before the preferring of such petition." The period of required residence is now two years instead of one year as formerly.

(1) As to a divorce from bed and board, for the court to have jurisdiction the petitioner must as formerly be a domiciled inhabitant of this State, but he is no longer in express terms required to have resided therein for a period of one year, as formerly, or for any definitely stated period but for "such length of time as to the court in its discretion shall seem to warrant" its action on such a petition. In other words, a

non-resident cannot petition for a divorce from bed and board and have such petition granted, whether such petition be an original one, a cross-petition or a motion given the effect of a cross-petition by statute. Sections 8 and 10 of Chapter 247 of the General Laws were put into their present form and enacted as parts of one amendatory act on the same day. There is no reason to infer that the General Assembly did not intend to make the changes which the plain and unambiguous language so clearly states.

The resulting situation is that the Superior Court acquired jurisdiction of the respondent to the extent of being able to have heard her case and to have granted affirmative relief, if the evidence warranted it, had she asked for a divorce from the bond of marriage by a cross-petition or by "a motion in writing setting forth the grounds therefor." It did not acquire jurisdiction so as to consider her motion for divorce from bed and board and to grant relief thereon even if the petitioner had not discontinued his petition. The reason for these different methods of dealing with these two kinds of divorce is not a subject of inquiry in the determination of this case. The legislature has seen fit thus to specify and limit the court's jurisdiction, as it has the power so to do. If the existing statutes on the subject should be considered unsatisfactory, the remedy therefor must be sought at the hands of the law-making power.

The respondent has cited several cases in which under similar states of fact courts have held that they had jurisdiction to grant relief to nonresident respondents. An examination of them shows that some of the decisions are based upon statutes interpreted as conferring jurisdiction. Others of them indicate that courts have entertained a cross-bill or cross-petition on the ground "that a court of equity having acquired jurisdiction of the parties and of the subject-matter of the suit will retain and exercise such jurisdiction until the equities of all the parties are meted out to them." 9 R. C. L. 404. We have found in none of these cases statutes similar to our own in stating with such particularity

the things essential to give jurisdiction, and in making distinction as to jurisdiction between absolute divorces and divorces from bed and board. In view of the clear and explicit provisions of our statutes, we think no useful purpose would be served by a discussion of these cases.

The respondent's exception is overruled and the case is remitted to the Superior Court for further proceedings.

*Waterman & Greenlaw, Charles E. Tilley,* for petitioner.
*Barney, Lee & McCanna,* for respondent.