MAE ROLLE, Respondent, *v.* EDWARD F. ROLLE, Appellant.

First Department, June 16, 1922.

**Husband and wife — separation — pleadings — defendant allowed under Civil Practice Act, § 1168, to amend answer to plead counterclaim for divorce based on adultery committed in foreign State — Civil Practice Act, § 1168, removed limitation as to residence contained in Code of Civil Procedure.**

In an action by a wife for separation the husband will be allowed, under section 1168 of the Civil Practice Act, to amend his answer by interposing as a defense and a counterclaim for absolute divorce, acts of adultery committed by the

wife while the parties were residing in another State, in which the parties were married, and before they became residents of this State, where he acquired knowledge of such acts after his answer was served.

Section 1168 of the Civil Practice Act, which was derived from section 1770 of the Code of Civil Procedure, has removed the limitation contained in the Code.

The reason for restricting the right to bring the action to residents at the time the offense was committed where the parties were not married in this State does not obtain in the case of a counterclaim.

LAUGHLIN, J., dissents, with memorandum.

APPEAL by the defendant, Edward F. Rolle, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of April, 1922, as denies defendant's motion to serve and file an amended answer setting up the facts contained in defendant's proposed answer by way of counterclaim.

*Henry D. Hamilton* [*William T. Collins* of counsel; *Benjamin F. Schreiber* and *Sidney Abrams* with him on the brief], for the appellant.

*John M. Scoble* [*Gilbert E. Roe* of counsel], for the respondent.

PAGE, J.:

The action is brought by a wife for a separation. The husband moves to be allowed to amend by interposing as a defense and counterclaim the acts of adultery of the wife committed in Chicago, where the parties were married and resided before they became residents of this State, knowledge of which acts he acquired after his answer was served. The court granted the motion to allow the defense, but denied the right to counterclaim for an absolute divorce.

The restriction upon the right to maintain an action for divorce (Civil Practice Act, § 1147) is not applicable to a counterclaim (Id. § 1168). Section 1770 of the Code of Civil Procedure, from which section 1168 of the Civil Practice Act was derived, limited the right to counterclaim to " a cause of action against the plaintiff and in favor of the defendant, arising under either of said articles " of the Code of Civil Procedure, the grounds of which were specified in sections 1756 and 1762 of the Code, while section 1168 of the Civil Practice Act provides: " Where an action for divorce or separation is brought by either husband or wife, a cause of action for divorce or separation against the plaintiff and in favor of the defendant may be interposed in connection with a denial of the material allegations of the complaint, as a counterclaim." Thus the limitation contained in the Code of Civil Procedure is removed. The reason for restricting the right to bring the action to residents at the time the offense was committed does not obtain in the case of a counterclaim.

In this case the parties are both domiciled in this State, which is also the last matrimonial domicile. The plaintiff's cause of action arises out of the marital relation. If the defendant's allegations are true, he has a cause of action under the laws of this State for a divorce dissolving the marital relation. The requirement as to residence is not an element of the cause of action, but a limitation upon the right to maintain the action in this State. The court having jurisdiction of the parties and the subject-matter of the action should dispose of all the rights and liabilities of the parties, and should not, where the defendant has been brought into court, send him out to prosecute his action in another jurisdiction. The right of a defendant to counterclaim or bring a cross bill, according to the practice of the various jurisdictions, when an action has been commenced against him, although he could not have brought an action for such relief, has been repeatedly recognized in other jurisdictions. (*Abele* v. *Abele*, 62 N. J. Eq. 644; *Clutton* v. *Clutton*, 108 Mich. 267; *Jenness* v. *Jenness*, 24 Ind. 355; *Sterl* v. *Sterl*, 2 Ill. App. 223; *Pine* v. *Pine*, 72 Neb. 463.) In our State, although a foreign stock corporation, other than a moneyed corporation, cannot maintain an action on a contract made in this State unless it alleges and proves that it has complied with sections 15 and 16 of the General Corporation Law (*Wood & Selick* v. *Ball*, 190 N. Y. 217), yet, if sued in this State, it can counterclaim any cause of action arising out of the transaction that has been made the basis of plaintiff's complaint, although it had not complied with section 15, as amended by chapter 594 of the Laws of 1917. (*Alsing Co.* v. *New England Quartz Co.*, 66 App. Div. 473; affd., 174 N. Y. 536; *Mahar* v. *Harrington Park Villa Sites*, 204 id. 231, 235.) It is thus recognized that, although a party may not be allowed to bring an action, yet, if an action is brought against the party as a defendant, he can recover on the cause of action which, as a plaintiff, he could not maintain.

The Civil Practice Act has in many particulars removed the restrictions that theretofore existed to the joinder of causes of action and parties, to allowing of defenses and counterclaims to be set up and parties brought in who may not be directly interested in all phases of the litigation, to the end that all the controversies growing out of the subject-matter may be disposed of in one litigation. In my opinion the denial of the motion to allow the counterclaim to be interposed in this action is contrary to the spirit of that act. In my opinion the change in the language between the sections of the Code and the Civil Practice Act above referred to would be sufficient to distinguish this case from *Crouch* v. *Crouch* (193 App. Div. 221); but in any event I would

concur in the dissent of Mr. Justices PUTNAM and KELLY in that case.

The order so far as appealed from by the defendant should, therefore, be reversed and the motion granted.

CLARKE, P. J., DOWLING and GREENBAUM, JJ., concur; LAUGH-LIN, J., dissents.

LAUGHLIN, J. (dissenting):

I am of opinion that the amendment of the phraseology of former section 1770 of the Code of Civil Procedure in re-enacting it in section 1168 of the Civil Practice Act was not intended to effect and did not effect an enlargement of the jurisdiction of the court in matrimonial actions, and I, therefore, dissent on *Crouch* v. *Crouch* (193 App. Div. 221).

Order so far as appealed from reversed and motion granted.