## Bailey v. Bailey.

(Decided November 6, 1925.)

### Appeal from Harlan Circuit Court.

1. Divorce—Leaving Chattel Property Within State Held Insufficient to Maintain Wife's Residence.—Where wife went to live with husband in foreign state, she thereby lost her residence in Kentucky, and that she left chattels in state was not sufficient to maintain residence, so as to permit suit for divorce, under Ky. Stats., section 2120, requiring continuous residence for one year.

2. Divorce—Residence of 12 Months Not Necessary to Sue for Alimony.—A residence for 12 months, under Ky. Stats., section 2120, is not necessary in order to maintain action for alimony.

3. Divorce—Order for Husband's Arrest Held Unwarranted by Facts.—Where husband, attending school in foreign state, returned to Kentucky at wife's request, having written her of his intention to get employment within state, and had done nothing to justify wife's allegation that he was about to leave state, order for his

arrest, under Civil Code of Practice, section 153, was unwarranted.
4.   Divorce—Judgment for Alimony and Attorney's Fees, though Too
     Large, Not Disturbed, in Absence of Complaint.—Although judg-
     ment for alimony and attorney's fees awarded wife, exceeding
     value of husband's property, was much too large, and really should
     be reduced, where husband does not complain, it cannot be dis-
     turbed.

HALL, JONES & LEE for appellant.

J. B. SNYDER and J. S. FOSTER for appellee.

OPINION OF. THE COURT BY DRURY, COMMISSIONER—
Reversing in part and affirming in part.

The appellee was plaintiff in the trial court, and we
shall hereafter refer to her as plaintiff. She began this
action against the appellant, whom we shall hereafter
call defendant, to secure divorce and alimony. The court
gave her a divorce and required defendant to pay her
$1,000.00 as alimony, payable at the rate of $25.00 per
month, also to pay her attorneys a fee of $200.00 for their
services. At the outset of this case, an order had been
made for the arrest of the defendant, under section 153
of the Civil Code, and under that order, he was arrested
and put in jail. He was kept there for several days until
he obtained his release by executing a bond under section
163 of the Civil Code. In the final judgment, this order
for the arrest of defendant was sustained, and as his
surety had exercised the right given him by section 169
of the Civil Code, and surrendered him, he was again
committed to jail, and remained there until he superseded
the judgment. He has appealed to this court from only
that part of this judgment which sustained the order for
his arrest.

During the scholastic year, 1919-20, the defendant
was professor of mathematics in the Lincoln Memorial
University, of Harrogate, Tennessee. The plaintiff was
a student at that university. She was a young woman of
charming face and figure. The defendant became very
fond of her and after her return to her home in Harlan
county, Kentucky, the defendant visited her, and they
were married on July 10, 1920. During the scholastic
year 1920-21, they lived at Harrogate, Tennessee, and
during the next scholastic year they lived at Ohatchee,
Alabama, until May 10, 1922, when the plaintiff returned
to the home of her parents, while the defendant was en-
gaged in a temporary employment during the summer

months, at the conclusion of which he came to the home
of the plaintiff's parents.   He remained there a short
time, and then went to New York to take a course at
Columbia University, for the purpose of getting a degree
which would enable him to command a better salary.   It
seems that he misunderstood the requirements of the uni-
versity, for after he got there, he found that he could not
obtain his degree in one year, because of certain physical
cultural requirements of which he did not know before he
went.   He wrote his wife about the matter and asked her
advice as to what he should do.   He suggested to her that
he would return to Kentucky, and try to secure some em-
ployment in or near Harlan.   She answered, asking him
to come, and he did so.   When he got to the home of the
plaintiff's parents he met her mother, who told him that
plaintiff had gone out for a few minutes, but would soon
be back.   She returned in a few minutes, and brought the
sheriff with her.   She had, a few minutes before, filed
this action against him for divorce, alleging cruelty.   She
had made the allegations that are required to obtain the
arrest of the defendant, and the sheriff forthwith ar-
rested him and put him in jail.

The plaintiff has taken a cross-appeal, and has asked
for more alimony; that it be paid in a lump sum, and for
a larger fee for her attorneys.   When the plaintiff mar-
ried defendant, and went to live with him in Tennessee,
she lost her residence in Kentucky, and as she did not re-
turn to Kentucky until May 10, 1922, she had not resided
within the state for one year at the time the suit was
brought.   The fact that she left her piano and some of
her wedding presents in Kentucky is not sufficient to
maintain her residence here.   It is suggested that not
having been a continuous resident of the state for a year,
as required by section 2120 of the statutes, the plaintiff
has no right to sue for divorce in this state, and no right
to prosecute a cross-appeal for increase of alimony and
attorneys' fees.   The question of her divorce is not be-
fore us, and under the case of George v. George, 190 Ky.
706, 228 S. W. 408, a residence of twelve months is not
necessary in order to maintain an action for alimony.

The married life of these two young people was not
pleasant.   The plaintiff was of a jealous disposition, and
the defendant, either purposely or unthoughtedly, did
many things to tantalize her; but his going to New York
to school was thoroughly talked over and understood by
the plaintiff and her family, and everything seemed sat-

isfactory. While he was gone she secured a letter which he had written to a eugenic society, which she says aroused her and caused her to take the action she did. We admit that the defendant did a foolish thing when he wrote this letter, but there are few of us entirely free from folly. Aside from an extravagant appraisement of himself, and probably an underestimate of the plaintiff, there was really nothing in the letter, and these two young people might have adjusted their troubles and lived a happy and useful life together if plaintiff had not acted so hastily. Defendant had returned from New York at her suggestion. He came into the state at her request. He had written her that he was going to try to get employment in the neighborhood of Harlan, and she, knowing these things, had this writ issued before she saw him after his return. He certainly had not said or done anything to justify her in swearing to a petition containing allegations that he was about to leave the state. The issue of this order for defendant's arrest was not warranted by the facts, and the judgment of the court sustaining that order is erroneous. To that extent the judgment is reversed and this cause remanded for consistent proceedings. Upon the plaintiff's cross-appeal, in which she asks for more alimony and attorneys' fees, it appears that the judgment for alimony and attorneys' fees awarded plaintiff exceeds the value of the defendant's property, is much too large, and really should be reduced, but the defendant is not complaining of it, so we cannot disturb it. The judgment is affirmed.