## Snook v. Snook.

(Decided May 13, 1930.)

TODD & BEARD for appellant.

JAMES W. STITES for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Counsel for appellant seek a reversal of the judgment of the chancellor on the ground that the evidence was such as to authorize the granting of a divorce to appellant, and that, if he is entitled to a divorce, he is entitled to have the property restored to him which was received by the appellee by reason of the marriage relations.

Appellee sued appellant for divorce. He filed an answer and counterclaim in which he sought a divorce. The chancellor denied the prayer of the petition as well as the prayer of the counterclaim. He found enough evidence to authorize the granting of a divorce from bed and board to appellee, and he awarded her $500 as alimony and $250 as a fee for her attorneys. No complaint appears to be made in brief about the judgment of the chancellor in any respect other than it did not award appellant a divorce. There is no cross-appeal. The question, therefore, presented to the court is whether the record, as made up, presents such facts as required a reversal of the judgment below in so far as it dismissed the counterclaim of appellant.

Appellant and appellee lived in Louisville for many years after their marriage. Several years ago the appellant moved to Madison, Ind., where he went into business in partnership with his brother. Appellee continued to reside in the home which she owned in Louisville. The basis of the counterclaim is that the husband attempted to induce the wife to come to Madison and reside with him, and that her refusal to do so constituted an abandonment by her. She claimed that he refused to provide a home for her in Madison, and that, when she attempted to take up her abode with him in that city, he directed her to leave and not to return.

It is the duty of the husband to support the wife, and he has the right to select their domicile, and, if the wife, without good cause, refuses the domicile offered her, her conduct in so doing constitutes legal abandon-

ment. Coleman v. Coleman, 164 Ky. 709, 176 S. W. 186; Watkins v. Watkins, 202 Ky. 141, 259 S. W. 20; Walter v. Walter, 190 Ky. 49, 226 S. W. 374; Morey v. Morey, 218 Ky. 700, 292 S. W. 332.

If it be true that the wife refused to accept the home provided by the husband and to live with him therein, she is guilty of abandonment, unless she has good cause for her refusal. The chancellor found that the evidence established that the request of the husband that the wife come to Madison and live with him was coupled with the further request that she first sell her home in Louisville. Her refusal to accept his invitation to come to Madison was not without good cause under the facts and circumstances disclosed by this record. There may be cases where the wife should follow her husband even if it should be necessary for her to sell her home in order to do so, but the facts in this case are not such as to show that she refused to follow her husband without good cause.

Be that as it may, the husband must stand on his cause of action as alleged in his counterclaim. He alleged, in substance, that about fifteen years ago he took up his abode in the city of Madison, Ind., and that he implored and begged his wife to go with him to his home in that city, and that he offered to provide her with a suitable home and with comfortable support; that she refused to move to Indiana, and refused to live with him as his wife, although she occasionally visited him in that city. The question naturally arises as to where his cause of action, if any, arose and existed. The case last cited above dealt with the same question, except the husband had left the state of New York and had taken up his residence in Kentucky. The question presented to the court for decision was whether the abandonment occurred, or existed, in this state. The court held that the refusal of the wife to come to Kentucky and live with her husband after he had provided a home for her in this state constituted an abandonment of him by her in this state. If that opinion is sound, the refusal of the appellee to follow appellant to the state of Indiana after he had there established a home for her and requested her to come was an abandonment in that state, and his cause of action existed there.

If his cause of action occurred in Indiana and is asserted in Kentucky, the question arises as to whether appellant may obtain a divorce in Kentucky on his counterclaim without a residence in this state for at least one year next before the institution of his suit, as is required by section 2120, Ky. Stats. The general rule in such cases is stated in 9 R. C. L. p. 404 as follows:

"Where an action for divorce is brought by a resident of the State of the forum against a nonresident, it is generally held that a divorce may be granted the nonresident on his or her cross bill though a statute in general terms requires the complainant in an action for divorce to have been a resident of the State for a designated time. And it has been held that the abandonment or dismissal of the original bill or petition does not oust the court of jurisdiction to grant a divorce to the nonresident cross petitioner. The jurisdiction of the court to entertain a cross bill by a nonresident defendant is based on the familiar principle that a court of equity having acquired jurisdiction of the parties and of the subject-matter of the suit will retain and exercise such jurisdiction until the equities of all the parties are meted out to them."

Counsel for appellant are therefore correct in their contention that appellant had the right to assert his cause of action in this state, although he was not a resident thereof, as required by the provisions of the aforesaid section of the Kentucky Statutes. But the same section requires it to be established when the cause of action occurred out of this state that it was a cause of action in the state where it occurred. As the cause of action in favor of appellant, if any, occurred in Indiana, it continued to exist in that state and not in Kentucky. It was necessary, therefore, that he establish that his cause of action asserted in this state constituted a ground for divorce in the state of Indiana, and this fact was neither pleaded nor proven.

Judgment affirmed.