### Jarvis v. Jarvis.

March 14, 1947.

Watt M. Prichard, Judge.

Clyde L. Miller for appellant.

George Gallup, John L. Smith and E. E. Adams for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Appellant, a native of Lawrence County, Kentucky, while working in a war plant in Columbus, Ohio, during the war period, became acquainted with the appellee. The appellee was the mother of five children by a former marriage and the appellant had one child by a former marriage. During their courtship appellee accompanied appellant to Kentucky for a visit and while on that visit it appears they agreed to get married, purchase a farm, and move to Kentucky. On October 25, 1943, they were married at Greenup, Kentucky, at which time they bought a farm in Lawrence County for the sum of $2500. They paid $2250 down and the balance of $250 was to be paid at a later date. The parties obtained possession of the farm in January 1944 and moved upon it. In February 1944, they mortgaged the farm for $800 which was used to discharge the remainder of the purchase price on the farm and to purchase livestock for the farm.

The appellant's child, a daughter of about 12 years of age, came to live with them. In March of 1944 the appellant's father also came to live in the home. It appears that shortly thereafter trouble developed.

On May 8, 1944, the appellee brought action in the Lawrence Circuit Court seeking a divorce from bed and board, and alimony in the sum of $3000.

On May 29, 1944, appellant filed his answer and counterclaim seeking absolute divorce and asking an equitable division of the property.

The court granted the appellee an absolute divorce,

restored the farm to her, and directed the master commissioner to execute and deliver to her a deed for appellant's interest in the land, and awarded a writ of possession. From that part of the judgment, except the granting of the absolute divorce, appellant prosecutes this appeal.

Appellant insists that the lower court had no jurisdiction to render any judgment in view of the requirements of Section 423 of the Civil Code of Practice, which requires that the parties applying for the divorce shall have resided in the State for a period of one year prior to the filing of the petition for divorce. In his brief appellant indicates his awareness that venue can be waived by failure to object. In the instant case appellant made no objection to jurisdiction but instead filed his answer and counterclaim wherein he sought absolute divorce. Even though she had not been a resident of the State for one year, appellee had a right to maintain her action for separate maintenance. Bailey v. Bailey, 211 Ky. 59, 276 S. W. 1065. After appellant filed his answer and counterclaim seeking absolute divorce, appellee then, even though she had not been a resident of the State for one year, had right to ask for absolute divorce. We have held that one year's residence is not a prerequisite for divorce upon a counterclaim in a suit by a resident of the State. Snook v. Snook, 234 Ky. 314, 28 S. W. 2d 1.

Appellant next insists that the restoration adjudged is not authorized by the prayer of the petition. He insists that restoration of the property acquired by one spouse from the other by virtue of the marital relation cannot be adjudged when the decree is for a bed and board divorce only. Appellant seems to overlook the fact that the absolute divorce was granted upon the counterclaim of the appellant, and where absolute divorce is granted, Section 403.060 of the Kentucky Revised Statutes requires the restoration of property. Lewis v. Lewis, 196 Ky. 701, 245 S. W. 509; Hoffman v. Hoffman, 190 Ky. 13, 226 S. W. 119.

Appellant insists finally that the restoration adjudged is not justified by the facts. There is argument in his brief relative to the grounds as alleged by appellee. These have little or nothing to do with the facts relative to the restoration of property. The evi-

dence clearly shows that at the time of the marriage appellee had on deposit $2500, and that she checked out of her banking account $2300. Appellant claims that he paid $500 of the cash payment on the farm and that appellee only paid $1750. Appellee insists that she paid the $2250 down payment, and that the $50 balance of the $2300 checked out, she gave to her husband to buy the marriage license and for transportation to Kentucky, and that she had paid the $800 mortgage placed on the farm.

It appears to us that the judgment of the court below was not only right and proper but certainly very reasonable.

Wherefore, the judgment is affirmed.