No. 16,224.

HARMS *v.* HARMS.
(209 P. [2d] 552)

Decided June 20, 1949.   Rehearing denied September 6, 1949.

Mr. GRAHAM SUSMAN, Mr. HYMAN D. LANDY, Mr. WILLIAM ALAN BRYANS, for plaintiff in error.

Mr. LOUIS G. ISAACSON, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THIS is a contested action for divorce and the questions involved are: Did the trial court have jurisdiction to entertain the defendant's cross complaint which contained no allegation as to the required statutory residence; and was the plaintiff prejudiced before the jury by improper cross-examination, denial of pertinent argument and remarks of the trial judge? Pertinent sections of our divorce statutes are '35 C.S.A., volume 2, chapter 56, section 6: "No person shall be granted a divorce unless such person has been a bona fide resident and citizen of this state during the one year next prior to the commencement of the action, which fact shall be proven by at least one credible witness other than the plaintiff; provided, that this section shall not affect applications for divorce upon the grounds of adultery or extreme cruelty, where the offense was committed within this state; provided, further, that such suit shall only be brought in the county in which such plaintiff or defendant reside or where such defendant last resided." And section 7, chapter 56, '35 C.S.A.: "In any action for divorce the defendant may file a cross-complaint in which may be set forth any one or more causes for divorce or separate maintenance against the plaintiff; and if upon the trial of such action both parties shall be found guilty of any

one or more of the causes of divorce, then a divorce shall not be granted to either of said parties."

On October 29, 1947, plaintiff filed a complaint praying for an absolute decree of divorce and containing the following allegations:

"1. That plaintiff has been a bona fide resident and citizen of the State of Colorado for a period of more than one year next prior to the commencement of this action, and resides in the City and County of Denver, State of Colorado.

"2. That plaintiff and defendant were lawfully married at Salt Lake City, Utah, on October 11, 1946, and ever since, have been and now are husband and wife.

\* \* \*

"5. That since said marriage, the defendant has been guilty of extreme and repeated acts of cruelty toward this plaintiff, which have caused the plaintiff grievous mental suffering, all of which said acts of cruelty were committed in the state of Colorado, and elsewhere."

Defendant filed answer and cross complaint on February 4, 1948, admitting the marriage and residence of plaintiff, denying the allegations of cruelty and as a cross complaint, alleged as follows:

"1. That *defendant is* a bona fide resident and citizen of the City and County of Denver, State of Colorado.

"2. That plaintiff and defendant were lawfully married at Salt Lake City, Utah, on October 11th, 1946, and ever since have been and now are husband and wife.

"3. That no children have been born as the issue of this marriage.

"4. That subsequent to the marriage of the parties hereto, this plaintiff has been guilty of extreme and repeated acts of cruelty toward this defendant, which acts consisted of the infliction of both physical cruelty and mental suffering, and that all of said acts of cruelty were committed in the State of Colorado, and elsewhere."

Trial was had to a jury and the court admitted evidence on behalf of defendant concerning acts of cruelty

committed by the plaintiff against the defendant outside the state of Colorado, and at the conclusion of all the evidence, counsel for plaintiff moved the court for an order withdrawing such testimony from the consideration of the jury, because defendant failed to allege in his cross complaint, or prove, the statutory residence of one year next prior to the commencement of the action. This motion was denied and the jury returned a verdict finding the plaintiff guilty of extreme and repeated acts of cruelty toward the defendant as charged in the defendant's cross complaint. Plaintiff prosecutes this writ of error.

Confined to the material question, counsel for plaintiff contend that the defendant herein cannot be granted affimative relief without alleging and proving the one year statutory requirement of residence, and further, that in the absence of such allegation, the admission of testimony as to acts of cruelty committed outside of the state of Colorado, was prejudicial error. With this contention, we cannot agree.

One of the parties, plaintiff, alleged and proved more than a year's residence in Colorado before the commencement of the action. Defendant, at the time of filing his cross complaint, had resided in Colorado less than one year. The allegations of plaintiff's complaint vested the court with jurisdiction of plaintiff and the subject matter and when defendant appeared by his answer and cross complaint, the court had jurisdiction of the parties, and could retain jurisdiction until the equities of both parties were determined. The well-settled majority rule controlling this question is to be found in 17 American Jurisprudence, page 287, section 264, which is: "It is a well-established rule of law that where an action for divorce is brought by a resident of the state of the forum against a nonresident, a divorce may be granted the nonresident on his or her cross petition, although a statute, in general terms, requires the plaintiff in an action for divorce to have been a resident of the state for a desig-

nated time. This rule has its origin in the familiar principle that a court of equity, having acquired jurisdiction of the parties and of the subject matter of the suit, will retain and exercise such jurisdiction until the equities of all the parties are meted out to them." Citing many cases.

When the court had jurisdiction of the parties and the subject matter, properly given it by the allegations of the required statutory residence of the plaintiff, and by the appearance of the defendant, it would be anomalous to hold that the court was in position to grant one of the parties a divorce and deny like relief to the other.

This conclusion leads us to say that the defendant was not required to plead statutory residence, or any residence whatever, and would not be limited by the statute concerning acts of cruelty committed within the state of Colorado, but would be free to establish cruelty wherever committed, but confined to cruelty committed subsequent to the date of marriage and to the date of the filing of plaintiff's complaint. This provides an equal right of the defendant with that of the plaintiff, who, by her complaint, having alleged and established one year's residence in the state of Colorado, could submit testimony of cruelty committed elsewhere.

██ ██ Counsel for plaintiff in error made timely objections to the admission of evidence on behalf of defendant as to acts of cruelty committed by plaintiff toward the defendant subsequent to the filing of the complaint and up to the date of trial, and now assigns error on that point. We find, and so determine, that this was reversible error.

The court, at the beginning of the trial, announced that the evidence would be confined from the time plaintiff and defendant were married on October 11, 1946, until the date of the complaint and reiterated this ruling twice thereafter, but finally stated that he would permit both parties to offer acts of cruelty which occurred sub-

sequent to the marriage and to the date of trial in order to avoid multiplicity of suits in connection with that ruling. The court also stated that it would permit both parties to file any amended pleadings that they might care to tender to the court to conform with the proof. No amendment was made by the defendant. Without deciding this question, if, under the circumstances, an amendment could be allowed, it would seem to be better practice to have filed a supplemental pleading if defendant expected to place reliance upon such evidence. Furthermore, we do determine that defendant herein was bound by, and should have been confined to, his bill of particulars filed herein on motion and order during the process of arriving at issue in the case. An examination of the bill of particulars does not disclose any specific charge of cruelty occurring during the period from the filing of the complaint to the date of the trial. The trial court stated that under the old rules this might be allowed, but he saw nothing that would preclude such evidence and would be allowable under the new Colorado Rules of Civil Procedure. Rule 15 (d) of said rules states: "Supplemental Pleadings. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a suplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor."

It is clear that the above rule provides reasonable notice to the opposite party, and it follows that the opposite party be afforded an opportunity to tender a pleading thereto and thereby be prepared for the opportunity to meet the issue on the trial and not be surprised to his injury as here may have occurred.

When evidence of acts subsequent to the filing of the complaint and up to the time of the trial was before the jury, it cannot be safely said that this improper evidence

did not influence the jury in arriving at its verdict, and was not prejudicial to plaintiff.

It would unduly lengthen this opinion to discuss other points urged as error and remarks of trial court in the presence of the jury, any one of which, standing alone, would not be sufficient to reverse the judgment, it will suffice to say, could not have been beneficial to plaintiff if not prejudicial.

For the reasons herein stated, the judgment is reversed and case remanded for trial in accordance with the views herein expressed.

MR. JUSTICE JACKSON, MR. JUSTICE STONE and MR. JUSTICE ALTER dissent.