## DANIELS v. SOUDERS.

### No. 11117.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 23, 1952.

Decided March 20, 1952.

David I. Abse, Washington, D. C., for appellant.

John J. O'Brien, Washington, D. C., with whom Mr. Henry J. Siegman, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, BAZELON and FAHY, Circuit Judges.

BAZELON, Circuit Judge.

In October 1949, in response to her husband's suit for absolute divorce, appellee filed a cross-complaint for limited divorce, charging desertion. Although both parties were then domiciled in the District of Columbia, appellee later moved her personal abode to nearby Maryland in December of 1949. Thereafter, in June of 1950, appellee amended her cross-complaint, inter alia, to include a charge that her husband had committed adultery with appellant subsequent to the date on which the cross-complaint was filed. Appellant was named co-respondent and cross-defendant. Appellant moved below to dismiss the charge of adultery, alleging that since appellee was not domiciled in the District of Columbia when she asserted that charge as a ground for relief, the court was without jurisdiction to entertain it. This motion was denied without comment.[1] After trial, the District Court found for appellee, entering a judgment of divorce in her favor and of adultery against appellant. The husband took no appeal.

Appellant's challenge of the court's refusal to dismiss the cross-complaint hinges upon the effect to be given to the statutory provision that: "No decree of nullity of marriage or divorce shall be rendered in favor of anyone who has not been a bona fide resident of the District of Columbia for at least one year next before the application therefor * * *."[2]

That provision did not require the District Court to refuse to entertain the amended cross-complaint. For, even assuming without deciding that appellee had lost her District of Columbia domicile, "[i]t is a well-established rule of law that where an action for divorce is brought by a resident of the state of the forum against a nonresident, a divorce may be granted the nonresident on his or her cross petition, although a statute, in general terms, requires the plaintiff in an action for divorce to have been a resident of the state for a designated time."[3] The cases adopting this view in other jurisdictions clearly indicate that "the plainest principles of equity"[4] furnished the impulse which gave it being. We therefore adopt it in construing our own statute.[5]

Appellant also contends that the evidence is not sufficient to support the finding that she was guilty of adultery with appellee's husband. The credibility of the testimony is within the province of the trial court who saw the witnesses and heard them speak.[6] We cannot say that the record did not warrant the inferences and conclusions that were drawn.

Affirmed.

1. Appellee denied that she had ever lost her District of Columbia domicile.

2. D.C.Code, § 16–401 (1940).

3. 89 A.L.R. 1204 (1934).

4. Sterl v. Sterl, 1878, 2 Ill.App. 223, 227; Harms v. Harms, 1949, 120 Colo. 212, 209 P.2d 552.

5. E. g., Clutton v. Clutton, 1896, 108 Mich. 267, 66 N.W. 52, 31 L.R.A. 160; Kane v. Kane, 1927, 241 Mich. 96, 216 N.W. 437; Hale v. Hale, 1927, 104 W.Va. 254, 139 S.E. 754 (divorce granted to nonresident original plaintiff on theory that resident defendant became "plaintiff" within the meaning of statute by filing cross-bill). See Snook v. Snook, 1930, 234 Ky. 314, 28 S.W.2d 1; Jarvis v. Jarvis, 1947, 304 Ky. 253, 200 S.W.2d 475; Rolle v. Rolle, 1922, 201 App.Div. 698, 194 N.Y.S. 661 (1st Dept.). For a contrary view, cf., Valk v. Valk, 1894, 18 R.I. 639, 29 A. 499, explained in Crow v. Crow, 1918, 41 R.I. 258, 103 A. 739.

6. E. g., Dollar v. Land, 1950, 87 U.S.App. D.C. 214, 184 F.2d 245, certiorari denied 1950, 340 U.S. 884, 71 S.Ct. 198, 95 L.Ed. 641, reconsidered 1951, 341 U.S. 737, 71 S.Ct. 987, 95 L.Ed. 1331; Orvis v. Higgins, 2 Cir., 1950, 180 F.2d 537.