FRANKLIN R. ANDERSON *v.* LOIS ANDERSON

| SUPERIOR COURT | FAIRFIELD COUNTY AT STAMFORD | FILE No. 8953 |
|---|---|---|

Memorandum filed February 3, 1967

*Davidson & Stuart,* of Stamford, for the plaintiff.

*Bernard Glazer,* of Stamford, for the defendant.

TEDESCO, J. On October 28, 1965, the plaintiff husband brought suit for divorce in this court. On September 7, 1966, the defendant wife answered plaintiff's complaint and filed a cross complaint seeking a divorce on the grounds of intolerable cruelty. On December 8, 1966, the plaintiff husband sought permission to amend his complaint. Permission to amend the complaint was granted, and said amended complaint was filed on December 16, 1966. Thereafter, on January 4, 1967, the defendant wife

filed her answer to the amended complaint and filed the same cross complaint to the amended complaint that had been filed on September 7, 1966, to the original complaint.

The matter is before this court for determination of the plaintiff husband's motion to erase the defendant wife's cross complaint for want of jurisdiction. The plaintiff contends that this court has no jurisdiction over defendant's cross complaint for divorce because the defendant has not satisfied the residence requirements for jurisdiction set forth in § 46-15 of the General Statutes. Section 46-15 provides as follows: "If the plaintiff has not continuously resided in this state three years next before the date of the complaint, it shall be dismissed unless the cause of divorce has arisen subsequently to the removal into this state, or unless the defendant has continuously resided in this state three years next before the date of the complaint and actual service has been made upon him, or unless the plaintiff was domiciled in this state at the time of the marriage and before instituting the complaint returned to this state with the intention of permanently remaining. For the purpose of this section, any plaintiff who has served or is serving with the armed forces, as defined by section 27-103, or the merchant marine, and who was a resident of this state at the time of his entry shall be deemed to have continuously resided in this state during the time he has served or is serving with said armed forces or merchant marine."

The law overwhelmingly supports the defendant's right to have her cross complaint heard and decided by the Connecticut courts. "It is a well-established rule of law that where an action for divorce is brought by a resident of the state of the forum against a nonresident, a divorce may be granted

the nonresident on his or her cross petition, although a statute, in general terms, requires the plaintiff in an action for divorce to have been a resident of the state for a designated time." Note, 89 A.L.R. 1203, 1204; see 24 Am. Jur. 2d, Divorce and Separation, § 265. Nelson also states this to be the clear-cut rule: "It is held in most states, either under the terms of the local residence requirement provisions or in the absence of any provision applicable to the situation, that if the residence requirements to support an original suit (usually residence of petitioner or complainant for a specified length of time) are present, a cross-action or counterclaim does not need to be supported by residence on the part of the cross-complainant, since it is not the intent of the statutes to impose the same residential requirements upon a defendant unwillingly brought into court as are prescribed for a plaintiff instituting suit." 2A Nelson, Divorce and Annulment § 21.30 (2d Ed. Rev. 1961).

Reference is respectfully made to the many cases in support of the authorities quoted above and cited in the notes therein. A discussion of two of the cases illustrates the application of the rule. In *Daniels* v. *Souders,* 195 F.2d 780 (D.C. Cir.) the plaintiff husband brought suit while both he and his wife were residents of the District of Columbia. After the wife had moved out of the District of Columbia, she filed an amended cross complaint alleging adultery. A motion to dismiss raised the question of the court's jurisdiction over the cross complaint. The applicable statute in the District of Columbia provided that no decree of divorce should enter in favor of anyone who is not a resident of the District of Columbia for one year next before the application for divorce. The court held that there was jurisdiction to grant the divorce on the cross complaint. In *Friedrich* v. *Friedrich,* 230

Mass. 59, defendant wife, a New York resident, appeared in a divorce action instituted by her husband in Massachusetts and filed a cross libel for divorce, alleging desertion. The court held that though the wife was a nonresident she could be granted a divorce on her cross libel even though the plaintiff husband now declined to prosecute his action. In reaching its decision, the Massachusetts court made particular note of the fact that the statute defining jurisdiction for divorce cases made no specific reference to cross libels.

Where a nonresident appears and answers and all other elements of jurisdiction are present, in general the court has jurisdiction for all purposes. *Tucker* v. *Tucker,* 143 Ohio St. 658; 27A C.J.S. 281, Divorce, § 78. The jurisdictional requirement in a divorce is that one of the parties, and not both of the parties, have domicil. While General Statutes § 46-15 sets forth that the plaintiff should satisfy the jurisdictional requirement, it is silent as to the jurisdictional requirements of a defendant who cross complains.

There is no constitutional objection to predicating jurisdiction on the domicil of the defendant within the state; the states are free to authorize a divorce at the suit of a nonresident plaintiff against a domiciled defendant. Where an action for divorce is brought by a resident of the state of the forum against a nonresident, a divorce may be granted the nonresident on his or her cross petition, although a statute requires the plaintiff to have been a resident for a designated time. *Clutton* v. *Clutton,* 108 Mich. 267; *von Bernuth* v. *von Bernuth,* 76 N.J. Eq. 487; 24 Am. Jur. 2d, Divorce and Separation, § 265. The above rule has its origin in the familiar principle that a court of equity, having acquired jurisdiction of the parties and of the

subject matter, will retain and exercise such juris-diction until the equities of all the parties are meted out to them. 24 Am. Jur. 2d, Divorce and Separation, § 265. The courts have even gone so far as to allow a divorce to a nonresident defendant after the plaintiff has withdrawn her petition for divorce. *Ritenour* v. *Ritenour,* 98 Ind. App. 283; 24 Am. Jur. 2d, Divorce and Separation, § 265.

The court finds that defendant wife may proceed with her cross complaint.

Motion to erase defendant's cross complaint denied.